### DREYFUSS DRY GOODS CO. et al. v. MORGAN.

Circuit Court of Appeals, Fifth Circuit.
December 12, 1927.

No. 5003.

Bankruptcy ⟐467(4)—Findings of judge against grounds of opposition to discharge being on sufficient evidence, whoever has burden of proof, are not disturbed (Act May 27, 1926, § 6, amending Bankr. Act, § 14b [11 USCA § 32]).

The evidence before the judge on application by bankrupt for discharge being such as to support the conclusion that none of the grounds of opposition to the discharge was established, whether or not the burden of proof was on bankrupt under Act May 27, 1926, § 6, amending Bankruptcy Act, § 14b (11 USCA § 32), the court's findings and conclusion in favor of bankrupt on such grounds will not be disturbed, in view of sections 18 and 20 (11 USCA note) and Bankruptcy Act, § 29 (11 USCA § 52).

Appeal from the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Application of Walter L. Morgan for discharge in bankruptcy was opposed by the Dreyfuss Dry Goods Company and others. From a decree of discharge, they appeal. Affirmed.

S. L. Herold, of Shreveport, La. (Thigpen, Herold, Lee & Cousin, of Shreveport, La., on the brief), for appellants.

Jos. D. Barksdale, Otis W. Bullock, and Howard B. Warren, all of Shreveport, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. On his voluntary petition the appellee was adjudged bankrupt on October 24, 1925. On December 9, 1925, he filed his petition for a discharge. Pursuant to standing rules of the court, that petition was referred to the referee, who with reference thereto acted as a special master; the rules containing provisions to the effect that the referee shall, at least 30 days prior to the date set for hearing of the petition for discharge, issue to all creditors notice to show cause why the discharge should not be granted, and that any creditor opposing the discharge shall enter in writing an appearance before the referee, or clerk, in opposition to the discharge on the day he is required to show cause, and shall file with the referee within 10 days thereafter, unless the time is enlarged by special order of the judge or the referee, specifications of the grounds of such opposition. On March 11, 1926, the referee made an order setting the hearing on the petition for discharge on April 10, 1926, and gave the notices prescribed by rule.

On April 8, 1926, the appearance of attorneys for appellants for the purpose of opposing the petition was noted by the referee, and on April 21, 1926, appellants filed specifications of grounds of objection to the discharge, which included the following: That the bankrupt, with intent to conceal his financial condition, failed to keep books of account from which said condition could be ascertained; that the bankrupt knowingly and fraudulently made false oaths in specified parts of the schedules filed by him and on his examinations before the referee; and that in such examinations the bankrupt refused to answer material questions approved by the court.

The appellants filed with the referee a motion that the order fixing a date for a hearing on the petition for discharge and the opposition thereto be set aside, on the ground that the judge made no order referring that matter to the referee. The appellee filed with the referee a motion to dismiss the opposition to the discharge, on the ground that the specifications of objections were not filed within the time allowed by the rule. The referee proceeded with the hearing and heard evidence offered by the respective parties. The referee, acting as special master, filed his report on September 25, 1926. That report contained expressions of opinion to the effect that the motion of the appellants that the order fixing a date for a hearing on the petition for a discharge and the opposition thereto be set aside was not well taken, and that the motion of the bankrupt to dismiss the opposition to the discharge should be sustained. That report showed that the referee found that none of the grounds of opposition to the discharge was sustained by the evidence.

On the hearing by the court on that report, the exceptions thereto, and the motions filed by the appellants, the court confirmed that report and decreed the discharge of the bankrupt; the presiding judge stating in his opinion or memorandum that he was of the view that the findings and recommendations of the master are correct and should be affirmed, and that he agreed with the master that upon the merits there is no sufficient showing to defeat the discharge.

The appellants invoke provisions of the Act approved May 27, 1926, amending the Bankruptcy Act. 44 Stat. 663. As amended by that act, section 14b of the Bankruptcy Act (11 USCA § 32) contains the following:

"Provided, that if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which under this paragraph (b) would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

Section 18 of that act (11 USCA note) reads as follows:

"The provisions of this amendatory act shall govern proceedings, so far as practicable and applicable, in bankruptcy cases pending when it takes effect; but as to proceedings in cases pending when this act takes effect, to which the provisions of this amendatory act are not applicable, such proceedings shall be disposed of conformably to the provisions of said act approved July 1, 1898, and the acts amendatory thereof and supplementary thereto."

Section 20 of that act (11 USCA note) provides:

"This act shall take effect and be in force on and after three months from the date of its approval."

It is to be noted that that act was not in effect when the petition for discharge was filed, when the opposition to the discharge was filed, or when the report of the referee was filed, but was in effect when the decree appealed from was rendered. To say the least, it does not clearly appear from the language of that act that its provisions were intended to govern proceedings under an application for discharge which was filed and opposed by allegations and proofs before that act was passed. But, assuming that the first above set out provision of that act was applicable to the proceeding for discharge when the court below took action therein, the record does not show that a different result would have been required by treating that provision as applicable and giving it full effect.

It is disclosed that the appellee offered evidence to disprove the allegations of grounds of opposition to his discharge, testimony offered by him tending to prove that he did not knowingly and fraudulently make a false oath in or in relation to the bankruptcy proceeding (Bankruptcy Act, §§ 14, 29 [11 USCA §§ 32, 52]), that his failure to keep books of account was unaccompanied by any intent to conceal his financial condition, and that he did not refuse to answer any question, or fail or refuse in answering to state facts within his knowledge. The record is consistent with the conclusion that the appellee assumed and sustained the burden of proving that he had not committed any of the acts alleged as grounds of opposition to his discharge. It clearly appears that, though the specifications of grounds of opposition to the discharge were not filed within the time prescribed by the above-mentioned rule, the court considered the case on its merits.

The requirement of the Bankruptcy Act (section 14, as amended) that "the judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto," etc., was complied with. The evidence before the judge was such as to support the conclusion that none of the grounds of opposition to the discharge was established, whether the burden of proof in that regard was or was not shifted after the proceeding for a discharge was instituted, or was or was not on the appellee when the decree was rendered. We do not think that, under the evidence contained in the record, this court would be justified in setting aside the findings and conclusion of the court below.

The decree is affirmed.