**In re Cheryl Lynn UTTERBACK, aka Cheryl Lynn Berg, and Cheryl Lynn Coleman, Bankrupt.**

**WISCONSIN HIGHER EDUCATIONAL AIDS BOARD, Plaintiff,**

v.

**Cheryl Lynn UTTERBACK, Defendant.**

**Bankruptcy No. BK4–78–219.**

United States Bankruptcy Court,
N. D. Texas,
Fort Worth Division.

Nov. 15, 1979.

John W. Calhoun, Asst. Atty. Gen., Madison, Wis., for Wisconsin Higher Educational Aids Bd.

Michael F. Felber, Atty., Fort Worth, Tex., for Cheryl Lynn Utterback.

## MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

Plaintiff filed a complaint on November 9, 1978, seeking a determination that a student loan was non-dischargeable under § 439A of the Higher Education Act. This bankruptcy case was commenced on August 15, 1978, and the bankrupt's discharge was granted on December 5, 1978.

■ The defendant has moved for a dismissal of the complaint on the grounds it fails to state a cause of action. Defendant's motion is predicated upon the repeal of § 439A on November 6, 1978, by § 317 of the Bankruptcy Reform Act. The plaintiff argues the statute should be construed to give effect to Congressional intent which was to retain the non-dischargeability of student loans. The statute, however, clearly repeals § 439A on November 6, 1978. The savings clause in § 403 of the Bankruptcy Reform Act does not become effective until October 1, 1979, at which time student loans again become non-dischargeable under § 523(a)(8) of the Bankruptcy Code. An obvious gap exists in the non-dischargeability of student loans. 1 U.S.C. § 109 which provides that liabilities, penalties or forfeitures shall not be released by the repeal of any statute has no application because the repealed provision, § 439A, does not create a liability, penalty or forfeiture. See *New York State Higher Education Services Corp. v. Amodori, et al.,* 5 Bankr. Ct.Dec. 187 (W.D.N.Y., 1979); *New York State Higher Education Services Corp. v. Christopher, et al.,* 5 Bankr.Ct.Dec. 214 (W.D.N.Y., 1979); *Coordinating Board, Texas College and University System v. Espronceda,* 5 Bankr.Ct.Dec. 267 (S.D.TX., 1979); *State of Ohio v. King,* 5 Bankr.Ct. Dec. 417 (S.D.Ohio, 1979).

■ The law providing for the non-dischargeability of this debt was repealed after this bankruptcy case was commenced and before the filing of the complaint to determine the debt non-dischargeable. The law to be applied is that in existence when the issue is determined. *In Re Carter,* 32 F.2d 186, (Ct.App. 2nd Cir., 1929); *Dreyfuss Dry Goods Co., et al. v. Morgan,* 23 F.2d 54 (Ct.App. 5th Cir., 1927); *Pennsylvania Higher Education Assistance Agency v. Payton,* 4 Bankr.Ct.Dec. 1126 (E.D.Penn., 1979); *New York State Higher Education Services Corp. v. Christopher, et al.,* supra; *Coordinating Board, Texas College and University System v. Espronceda,* supra. On August 14, 1979, Public Law 96–56 was enacted which restored the non-dischargeability of student loans to bankruptcy cases which were commenced in the period from August 14, 1979, to October 1, 1979. This case was not commenced during that period and that statute does not apply here. As of the date of determination there is no law applicable to this case which provides for the non-dischargeability of student loans. Defendant's motion to dismiss is granted.