FREIBERG and others, Respondents, vs. SINGER, Garnishee, Appellant.

*May 20 — September 26, 1895.*

*Voluntary assignment: Approval of assignee's bond: Retrospective statute: Garnishment.*

1. The curative effect of ch. 276, Laws of 1893 (which provides that the taking and filing of an assignee's bond by a court commissioner shall be deemed a sufficient approval thereof, and that "all

bonds heretofore taken and filed, as aforesaid, by said court commissioner, are hereby declared to be sufficiently approved, and valid"), relates back to the time of such filing and perfects the rights of the assignee to the property assigned as of that date.

2. Service of garnishee process upon an assignee, after such filing of his bond and before the passage of the act of 1893, gave the garnishee plaintiff no right to that remedy which, the proceeding not having passed into judgment, could not be taken away by that statute.

3. The retrospective operation of a statute, given to it by its express terms, is not impaired by the provision that "this act shall take effect and be in force from and after its passage and publication."

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The plaintiffs brought a garnishee action against the defendant *Singer*, as creditors of Schwartz & Pohlman. The latter, on the 12th of October, 1892, had executed to *Singer*, in due form of law, a voluntary assignment for the benefit of their creditors. Plaintiffs produced in evidence a judgment in their favor against Schwartz & Pohlman, rendered December 13, 1892, for $2,016.89, and also the assignment to the defendant *Singer* for the benefit of their creditors. It appeared that the property which passed by the assignment was of sufficient value to pay and satisfy the plaintiff's judgment, and that the bond of the defendant as assignee of Schwartz & Pohlman was not approved, at the time the assignment was executed and filed with the clerk of the circuit court, by the court commissioner taking the same; and the question was whether the bond was validated so as to make the assignment operative from its date, by ch. 276, Laws of 1893. The circuit court held the assignment void, because the bond of the assignee had not been approved before he was summoned as garnishee of Schwartz & Pohlman, and gave judgment against him for $2,156.12, damages and costs, from which he appealed.

For the appellant there were briefs by *Fiebing & Killilea*, and oral argument by *H. J. Killilea*. To the point that

Freiberg and others vs. Singer.

the right to take advantage of an informality is not a vested right, they cited Cooley, Const. Lim. (3d ed.), 370–378; *State v. Newark*, 27 N. J. Law, 197; *Rosenthal v. Wehe*, 58 Wis. 622; *Tate v. Morehead*, 65 N. C. 687.

For the respondents there was a brief by *Sylvester, Scheiber, Riley & Orth*, and oral argument by *F. Scheiber*. They contended, *inter alia*, that the provision in the act of 1893 that it "shall take effect and be in force from and after its passage and publication" was evidence that the act was not intended to have a retroactive effect. *Boorman v. Juneau Co.* 76 Wis. 550. The act attempts to give to sec. 1665, S. & B. Ann. Stats., amended thereby, a construction different from that heretofore placed upon it by this court. If intended to be retrospective, it could have had no other object in view than to render nugatory such judicial construction of that section, and thereby defeat and abrogate the rights acquired under the law relating to garnishment by the respondents in reliance upon such judicial construction. If such was its object, the act was invalid, as an attempt on the part of the legislature to exercise judicial powers. *Greenough v. Greenough*, 11 Pa. St. 489; *Riesser v. William Tell S. F. Asso.* 39 id. 137; *Haley v. Philadelphia*, 68 id. 45; *Menges v. Dentler*, 33 id. 495; *West Branch B. Co. v. Dodge*, 31 id. 285; *Vanderpool v. L. C. & M. R. Co.* 44 Wis. 652; *James v. Rowland*, 52 Md. 462; *Salters v. Tobias*, 3 Paige, 338; *Postmaster Gen. v. Early*, 12 Wheat. 136.

The following opinion was filed June 20, 1895:

PINNEY, J. This action was not tried until after ch. 276, Laws of 1893, went into effect. This act provided that the taking and filing of the bond of an assignee by a court commissioner should be deemed to be a sufficient approval thereof, and that "all bonds heretofore taken and filed, as aforesaid, by said court commissioner, are hereby declared to be sufficiently approved, and valid." The case of *Johnson v. Hill*, *ante*, p. 19, is decisive of this case. It was there

held that, as the indorsement of approval by the court com- missioner was only required by reason of the statute, the legislature had the power to cure the defect in question by a subsequent enactment. The curative effect of the enact- ment relates back to the time the bond was delivered and filed with the assignment in the office of the clerk of the circuit court, and perfected the rights of the defendant as assignee of Schwartz & Pohlman to the property and estate assigned as of that date. The act is in express terms retro- spective, and there is no reason why it should not operate in the manner stated. The plaintiffs had not acquired by the service of the garnishee process any right to the remedy they had invoked which could not be taken away from them by the act in question. The remedy was given by statute, and until the proceeding had passed into judgment the legis- lature might change it or take away the right of action altogether. *Dillon v. Linder,* 36 Wis. 344; *Farrell v. Drees,* 41 Wis. 186; *Rood v. C., M. & St. P. R. Co.* 43 Wis. 146, 150. The point that the operation of the act is limited to the time when, by the second section, it was provided it should take effect and be in force, namely, from and after its passage and publication, is untenable, and contrary to the express terms of the act, by which it was given a retro- spective operation extending to "*all* bonds heretofore taken and filed as aforesaid" which had not been approved.

It follows that the judgment of the circuit court, charg- ing the garnishee on the ground that the assignment was void by reason of the failure of the court commissioner to approve the bond of the defendant the assignee before he was served with the garnishee summons, is erroneous and must be reversed.

*By the Court.—* The judgment of the circuit court is re- versed, and the cause remanded with directions to render judgment in favor of the garnishee defendant.

A motion for a rehearing was denied September 26, 1895.