### In re PHOTO ELECTROTYPE ENGRAVING CO.

### In re VREDENBURGH'S CLAIM.

(District Court, S. D. New York. July 10, 1907.)

BANKRUPTCY—CLAIMS—PREFERENCES—WAGES—STATUTES—AMENDMENT.

Bankr. Act July 1, 1898, c. 541, § 64b, par. 4, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], giving priority of payment to "wages due to workmen, clerks, or servants" earned within three months before the commencement of the proceedings, was amended by Act Cong. June 15, 1906, which took effect on its passage, so as to include traveling or city salesmen. *Held*

that, where a salesman was not entitled to a preference for wages under the original act at the time when the bankruptcy petition was filed or the adjudication entered, he could not obtain it by virtue of the subsequent amendment.

David Stewart Edgar, for claimant.
Kellogg & Rose, for trustee.

CHATFIELD, District Judge. The bankrupt herein is a corporation. A claim was filed by one Harry J. Vredenburgh, an employé of the bankrupt, under section 64b, par. 4, of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]), as amended by the laws of June 15, 1906, for the sum of $130, being part of the salary alleged to be due him for the three months immediately preceding the filing of the petition in bankruptcy. This employé had been receiving a salary of $40 per week, according to the pay rolls and books of the bankrupt concern, and claimed an additional $10 a week, under an arrangement with the president of the company, which arrangement was alleged to have been made about one year and three months before the filing of the petition. The claim for a portion of the alleged salary as a preferred debt was referred to one of the referees in bankruptcy, as special master, and the special master has reported that the arrangement for the additional salary had been made by the president, was binding upon the bankrupt, and that the testimony supported the claim; but that the objection of the trustee, on the ground that the amendment of June 15, 1906, could not be retroactive, inasmuch as this amendment did not go into effect until after the services claimed had been rendered, is not well taken.

Section 64b, par. 4, of the bankruptcy law, as originally passed in 1898, gave priority of payment to "wages due to workmen, clerks, or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed three hundred dollars to each claimant." By the amendment of June 15, 1906, the words "traveling or city salesman" were inserted, and the referee, finding that the claimant herein was a clerk and city salesman, allowed the claim for $130, on the ground that the wages debt was provable to that extent at the time the claim was filed with the referee in bankruptcy.

Section 19 of the amendatory act of July 1, 1903 (chapter 487, 32 Stat. 801 [U. S. Comp. St. Supp. 1905, p. 683]), contained a provision that the amendatory act should not apply to bankruptcy cases pending when the act took effect. In the amendment of June 15, 1906, no such provision was inserted, and the act took effect when it became a law. The amendatory act is remedial, in the sense that it affords additional relief to all cases coming within its scope; but it is also declaratory and jurisdictional, in that it creates certain rights affecting the amounts to be paid preferred creditors and the balance left for other creditors. And the question to be determined on this motion is whether, upon the filing of a petition in bankruptcy, the rights of the various creditors are fixed according to the provisions of the law in effect at the date of adjudication; or whether the rights of these creditors do not exist until they have been passed upon and allowed, or disallowed, by the referee. Section 64b, par. 4, provided for the

payment of certain wages earned within three months before the date of the commencement of proceedings. At the time of the filing of the petition, which was the commencement of this proceeding, the law fixed the status of every creditor, in so far as his rights to be considered preferred or general were concerned. As between the various creditors, their claims were thus determined, and while the share of any creditor might be enlarged, by the disallowance of claims, it is considered that his claim would not be changed. All subsequent matters are to be determined in the light of the situation as it existed at the time the petition was filed, or at adjudication, if that does not immediately follow. The amendment of 1906, if allowed to alter the rights of creditors in this proceeding, would take away property which the creditors were entitled to by the provisions of law existing at the time when this estate came under the administration of the bankruptcy court. Such an effect would be retroactive, even if these rights had not become vested, in the sense of having been liquidated or adjudicated.

Under this view, the claim for $130 was invalid at the time of the filing of the petition in bankruptcy, upon the findings of fact as reported by the special master, and it seems that Congress would have no power to deprive any of the other creditors of their rights in the property by taking some of the bankrupt estate from them, and giving it to others, by means of legislation.

In so far as the special master's report finds the contract with Vredenburgh to be valid, upon the evidence, the report will be confirmed; but, as to the finding that Vredenburgh is entitled to a preference for $130, the exception will be sustained, and the report and order of the special master amended to that extent.