## In re JONES.

(District Court, N. D. Georgia, Atlanta Division.    January 3, 1927.)

1. **Bankruptcy** ⊙⟼407(1)—**Discharge should not be granted over objection of creditor, where bankrupt fails to appear for examination (Bankruptcy Act, § 7 [1], being Comp. St. § 9591, and section 14b, as amended by Act May 27, 1926, § 6 [44 Stat. 663]).**

Under Bankruptcy Act, § 7(1), being Comp. St. § 9591, requiring bankrupt to attend the hearing on his application for discharge, and especially since the amendment of section 14b by Act May 27, 1926, § 6 (44 Stat. 663), placing the burden of proof on him in case reasonable ground is shown for believing that he has committed acts which would bar his discharge, unless he appears, a discharge should not be granted, over objection of a creditor who desires to examine him in support of his objections.

2. **Bankruptcy** ⊙⟼6—**Procedural amendment to act may be applied to pending bankruptcies (Bankruptcy Act, § 14b, as amended by Act May 27, 1926, § 6 [44 Stat. 663]).**

Since amendment of Bankruptcy Act, § 14b, by Act May 27, 1926, § 6 (44 Stat. 663), relates only to procedure, it may be applied to pending bankruptcies without retroactive effect.

3. **Bankruptcy** ⊙⟼407(1)—**That bankrupt is confined in penitentiary does not excuse his nonappearance on application for discharge in bankruptcy.**

That bankrupt is confined in penitentiary is not excuse for not appearing or giving his testimony on application for discharge.

In Bankruptcy. In the matter of Neufield T. Jones, bankrupt. On review of referee's report on petition for discharge. Hearing postponed.

R. B. Blackburn, of Atlanta, Ga., for bankrupt.

Fuller & Bell, of Atlanta, Ga., for objectors.

SIBLEY, District Judge. On July 8, 1925, Jones filed a voluntary petition in bankruptcy; his schedules showing debts of about $10,000, mostly due to sellers of building materials, and assets which proved of nominal value. Discharge was applied for July 3, 1926. Objections were filed, averring transfer of assets in fraud of creditors and concealment of assets from the trustee, and the issues were referred to the referee for his report. Proof was submitted that by a deed dated April 26, 1924, and recorded August 1, 1924, for a nominal consideration, the bankrupt had transferred to his mother his equity in a house and lot, which equity was worth $25,000. The books of a bank were introduced, showing an account with the bankrupt running 3½ years and up to June 3, 1925, when it was balanced out. On April 25, 1925, there was a favorable balance of $7,304.-24. About $140,000 was handled through this account during its course. A subpœna duces tecum was put on the bankrupt to produce his checks and check stubs, but he informally answered that he did not have them and did not know where they were, and could not attend the hearing on account of his confinement in the United States penitentiary. It was shown that on his examination before creditors' meeting the existence of this bank account was unknown, and that he had not been questioned concerning it.

[1] By section 7 (1) of the Bankruptcy Act (Comp. St. § 9591) it is made the duty of the bankrupt to attend the hearing of his application for a discharge, if he files one. Unless he performs this duty, the discharge should not be granted over the objection of a creditor, who wishes to examine him touching objections to his discharge. The attendance of the bankrupt is the more necessary to the obtaining of a discharge since the amendment to the Act of May 27, 1926, because there has been added to section 14b, touching the granting of discharges, these words: "Provided, that if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this paragraph (b), would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt." 44 Stat. 663, § 6.

[2] Section 18 of the amendment enacts: "The provisions of this amendatory act shall govern proceedings, so far as practicable and applicable, in bankruptcy cases pending when it takes effect." Since the above-quoted provision touching the shifting of the burden of proof on hearing objections to discharge relates only to procedure, it may practically be applied to pending bankruptcies without retroactive effect. It governed, therefore, on the hearing under review. The evidence showed reasonable grounds for belief that the bankrupt was concealing some of his assets, if the proven bank account was one touching private funds rather than the record of some regular business. If it related to a regular business, the keeping of books touching the business was a duty under the bankruptcy law. Such have not been produced. The situation is one well requiring explanation by the bankrupt. The discharge should not be

granted until and unless he shall appear and make satisfactory explanation.

[3] But the bankrupt is confined in the penitentiary, and his counsel seems to have assumed that this was a sufficient reason for his not appearing. It must be held otherwise. The hearing on the discharge can be delayed until the sentence is served, or, the penitentiary being near at hand, a habeas corpus ad testificandum can, on request, be issued for him to appear before the court. Although his counsel, on this argument, declined to ask for delay, or any such relief, justice will seeemingly be served by delaying judgment on this record for two weeks from this date, that the bankrupt may, if he so desires, seek a habeas corpus or apply to have his testimony taken otherwise. In default of such action a judgment may be had denying the discharge.