## CITY OF CHELSEA v. DOLAN.

Circuit Court of Appeals, First Circuit. February 20, 1928.

No. 2158.

Bankruptcy ⚖➔346—Provision of Amendatory Bankruptcy Act 1926 giving wages priority over taxes held applicable to pending case, in which no order for distribution had been made (Amendatory Bankruptcy Act 1926, § 15 [11 USCA § 104]; § 18 [44 Stat. 667]).

By virtue of Amendatory Bankruptcy Act 1926, § 18 (44 Stat. 667), section 15 (11 USCA § 104), giving wages priority over taxes, *held* applicable to a case pending when the act took effect, in which no order of distribution had been made.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

In the matter of the James Miller Company, bankrupt; Thomas F. Dolan, trustee. The City of Chelsea appealed from an order of the District Court. Affirmed.

Clarence Richmond, of Boston, Mass., for appellant.

John M. Maloney, of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. The single question in this bankruptcy appeal is whether section 18 of the Amendatory Bankruptcy Act of 1926 (44 Stat. 662) makes the provision in section 15 (11 USCA § 104), giving wages priority over taxes, applicable in a case pending when the new act took effect on August 27, 1926, but in which no distribution or order therefor had been made. Section 18 reads:

"The provisions of this amendatory act shall govern proceedings, so far as practicable and applicable, in bankruptcy cases pending when it takes effect; but as to proceedings in cases pending when this act takes effect, to which the provisions of this amendatory act are not applicable, such proceedings shall be disposed of conformably to.the provisions of said act approved July 1, 1898, and the acts amendatory thereof and supplementary thereto."

The James Miller Company was adjudicated on April 28, 1926, on an involuntary

petition filed on April 15, 1926. The estate is insufficient to pay the wages, about $13,-000, and the taxes due the city of Chelsea, about $17,000. The referee, on a petition of the trustee for instructions filed November 10, 1926, ruled that the taxes have priority, that the new act was not in that regard applicable. The District Court, without opinion, reversed the referee.

We think the court was right. When, on August 27, 1926, the new act took effect, this estate was simply in custodia legis. There is no more difficulty in applying the priority provisions in section 15 of the new act to this estate than there is in applying the new provisions as to discharge, or as to the effect of recording transfers attacked as preferences, or as to the compensation of trustees, receivers, and marshals. The intent of Congress to make the new provisions apply when (as in this case) it is "practicable" seems to us clear. To hold the new act here inapplicable would fall little, if at all, short of complete nullification of section 18. This the court may not do, if the plainly expressed intent be within the power of Congress.

We cannot doubt the power. The act is remedial—to be liberally construed. Chelsea, on this record, had no lien upon or vested right in the estate for its taxes; it had nothing but a claim under the Bankruptcy Act. It grounds its contention on this act, not on a lien under the statutes of Massachusetts. Congress has plenary power to pass uniform bankruptcy acts. 7 C. J. 18, and cases cited. It may amend or repeal at pleasure, provided it does not disregard the requirement of uniformity. The claim of a vested right in priority for taxes is therefore radically different in nature from a mechanic's lien arising under law which enters into the fabric of the mechanic's contract and therefore cannot "be changed to his harm." Manchester v. Popkin, 237 Mass. 434, 437, 130 N. E. 62, 63; See v. Kolodny, 227 Mass. 446, 116 N. E. 888; Frost v. Ilsley, 54 Me. 345.

The contention of vested rights under analogous statutes was many years ago thoroughly discussed, and determined against the proposition now urged. See Simmons v. Hanover, 23 Pick. (Mass.) 188, 193 et seq. and cases cited; Bigelow v. Pritchard, 21 Pick. (Mass.) 169; Appeal of Mechanics', etc., Bank, 31 Conn. 63; Erskine v. Steele County (C. C.) 87 F. 630, affirmed Steele County v. Erskine (C. C. A.) 98 F. 215. See, also, Terry v. Anderson, 95 U. S. 628, 24 L. Ed. 365; Sohn v. Waterson, 17 Wall. 596, 21 L. Ed. 737; Freiberg v. Singer, 90 Wis. 608, 63 N. W. 754; McLure v. Melton, 24 S. C. 559, 58 Am. Rep. 272.

The Photo Company Case, 155 F. 684, cited and apparently relied upon by the referee, is a District Court opinion, without citation or discussion of authorities, dealing with a statute not in terms made applicable to pending cases. The ruling there made, that the rights of all creditors were fixed by the law as it read when the petition was filed, was nothing but obiter dictum, and is inconsistent with the overwhelming weight of authority.

The decree of the District Court is affirmed, with costs to the appellee.