## In re JOHN G. GASTEIGER & CO., Inc.

## Ex parte FIDELITY & DEPOSIT CO. OF MARYLAND.

Circuit Court of Appeals, Second Circuit.
April 9, 1928.

No. 760.

1. Statutes ⬥263—Statutes are to be construed prospectively, unless expressing contrary intention.

Statutes are to be interpreted prospectively, unless language thereof requires contrary construction.

2. Bankruptcy ⬥349—Law granting priority to claims of United States did not apply retroactively to case where claims had been filed and rights of creditors fixed (Amendment of May 27, 1926, to Bankr. Act, § 64b (7) [11 USCA § 104]; 11 USCA § 1 note).

Amendment of May 27, 1926, to Bankruptcy Act § 64b(7) (11 USCA § 104), preferring the claims of the United States, *held*, not to operate retroactively as to cases where claims had been filed and all rights of creditors fixed, since retroactive operation in such case would not be practical, within meaning of section 18 of such statute (11 USCA § 1 note), providing that former provision was to govern pending cases, so far as practicable and applicable.

Appeal from the District Court of the United States for the Eastern District of New York.

In the matter of the bankruptcy of John G. Gasteiger & Co., Inc., wherein Louis J.

Castellano was appointed trustee. From an order affirming an order of the referee in bankruptcy (21 F.[2d] 977), disallowing priority to the claim of the Fidelity & Deposit Company of Maryland, claimant appeals. Affirmed.

Appeal from an order in bankruptcy of the District Court for the Eastern District of New York, affirming the order of a referee in bankruptcy, disallowing priority to a claim of the appellant.

The bankrupt had made a contract with the United States for the delivery of a quantity of oats, bran, and hay, on which the appellant was surety, and in the performance of which the bankrupt defaulted. The appellant was compelled to complete the deliveries, and in so doing suffered a loss. The petition in bankruptcy was filed on March 6, 1923, and, while the date of the adjudication does not appear in the record, it must have been before March 1, 1924, because on that day the appellant filed its claim with the referee, asserting a priority in subrogation to the claim of the United States which it had paid. The trustee filed objection to the priority on March 27, 1924, which the referee overruled on July 22, 1924, but which upon reargument he sustained on March 28, 1927, on the authority of Davis v. Pringle, 268 U. S. 315, 45 S. Ct. 549, 69 L. Ed. 974, meanwhile decided on May 25, 1925. His order the District Judge affirmed on petition to review, and the appellant appealed.

The parties now agree that, under the law as it stood when the petition was filed, when the adjudication was entered, and when the time expired within which claims could be filed, the claim had no priority. The appellant's position is that, since by the amendment of May 27, 1926, to section 64 (b) (7) of the Bankruptcy Act (11 USCA § 104), claims of the United States were preferred, and since, under section 18 of the same statute (11 USCA § 1 note) it was to "govern" pending cases, "so far as practicable and applicable," the order was wrong.

Frederick Behr, of New York City, for appellant.

Harry H. Schutte, of Brooklyn, N. Y., for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). When the amendment of 1926 was passed the time had long expired within which claims could be filed in this estate. The divisor for dividends had been therefore finally fixed, except in so far as any claims were in process of liquidation, of which, so far as appears, there were none. True, the assets may not have been fully collected, but that was irrelevant; the creditor's rights had been settled in accordance with the law as it then stood, and the appellant enjoyed no priority. We are to decide whether the change in section 64 (b) (7) is "practicable and applicable" in such a situation.

[1, 2] The act of 1926 is an innovation in bankruptcy legislation, the amendments of 1903 (section 18 [11 USCA § 41]) and of 1910 (section 14 [11 USCA § 32]) being both expressly made prospective only. The canon is well settled which interprets statutes prospectively unless the language admits of no other construction (Chew Heong v. U. S., 112 U. S. 536, 559, 5 S. Ct. 255, 28 L. Ed. 770; Shwab v. Doyle, 258 U. S. 529, 42 S. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454; Fullerton Co. v. Northern Pacific R. Co., 266 U. S. 435, 45 S. Ct. 143, 69 L. Ed. 367), and we are not sure that the clause, "so far as practicable and applicable," means to go further than to make the amendments "applicable" to pending proceedings in matters of procedure, though perhaps it may. Even if it does, it gives the courts a wide discretion in determining when it is "practicable" so to apply it, and by "practicable" we understand that we must decide whether it is just to disturb vested rights.

There may be cases in which the occasion is so important that this will be tolerable, but we think that this is not one. There appears to us no paramount public interest in the priority of the United States among those who have taken the same risks and engaged in the same ventures as itself. Moreover, there would be an especial injustice in allowing it here, since the interest and the power are both its own. It had yielded a prerogative commonly asserted in such cases and during the period of its complaisance these rights attached. It is quite true that in this case the creditors could scarcely have relied upon their rights, because as the decision stood they had none until after the law of 1926 was passed; but in fact those rights existed, and that too only by the act of the United States itself. While it was free to resume its prerogative when it chose, we are not to suppose that it meant to take back what once it had given, unless there is no escape from the conclusion. The repugnance of most people to such changes in front does not arise alone from the fact that they

may disrupt settlements made on the faith of the earlier assurance. The mere inconstancy of a sovereign in respect of what has once been granted is itself a grievance, and seems an injustice to most men. For these reasons it seems to us that it is not "practicable" to apply retroactively section 64 (b) (7) to cases where the claims have all been filed and the rights all fixed.

The cases, so far as they have yet construed section 18 are impliedly in accord. Dreyfuss Dry Goods Co. v. Morgan (C. C. A. 5) 23 F.(2d) 54; Morton v. Snider (C. C. A. 3) 20 F.(2d) 469; In re Wyatt (D. C.) 23 F. 350.

Order affirmed.