### In re C. H. EARLE, Inc.
### No. 17818.

District Court, E. D. New York.
Dec. 28, 1932.

Lewis, Marks & Kanter, of Brooklyn, N. Y. (Lloyd B. Kanter, of Brooklyn, N. Y., of counsel), for trustee.

Ireland, Caverly & Hendrickson, of New York City (Alexander Gangel, of New York City, of counsel), for Globe Indemnity Co.

GALSTON, District Judge.

This is a motion to review the order of a referee in bankruptcy which denied priority of a claim, in the sum of $32,640.82, of the Globe Indemnity Company against the bankrupt. Priority was claimed under section 130 of the Workmen's Compensation Law of the State of New York, which became effective April 20, 1931 (Laws 1931, c. 508).

The petition in bankruptcy was filed on July 22, 1929. The order of adjudication was entered on November 12, 1929. On January 10, 1930, the petitioner, the Globe Indemnity Company, filed its claim. A supplemental claim was filed on November 3, 1930. On June 8, 1931 the petitioner filed amended claims which sought priority under the New York statute referred to.

The question presented is whether priority may be awarded despite the circumstance that the statute on which reliance is had, became effective subsequent to the filing of the bankruptcy petition.

Section 130 of the Workmen's Compensation Law, referred to, is as follows: "Workmen's compensation premiums shall be deemed preferred claims. All premiums and interest charges on account of policies insuring employers against liability under this chapter which may be due to the state insurance fund, or any stock corporation or mutual association authorized to transact the business of insurance in this state, and all judgments recovered by the state insurance fund or any such insurance corporation or association against any employer on actions brought under any such policy, shall be deemed preferred claims in all insolvency or bankruptcy proceedings, trustee proceedings for administration of estates and receiverships involving the employer, liable therefor or the property of such employer, provided however that claims for wages shall receive prior preference in all such proceedings."

It is urged by the petitioner that creditors of the bankrupt have no vested interests in the bankruptcy estate, but no satisfactory authority is furnished in support of such proposition. On the contrary, authority seems to be in support of the converse.

In the matter of Inland Dredging Corporation (Globe Indemnity Company, appellant) 61 F.(2d) 765, 766, the Circuit Court of Appeals for the Second Circuit, in an opinion filed November 7, 1932, in considering the effect of the same act, after indicating that a claim was entitled to priority in a case in which it appeared that the petition in bankruptcy was filed subsequent to the effective date of the statute, said: "The result might be otherwise if the bankruptcy had preceded the amendment. Prudential Trust

Company's Assignment, 223 Pa. 409, 72 A. 798. The sequestration of assets by a court creates a fund to be divided under the law as it then is; the rights have become 'vested.' Creditors though they have learned that they will not be paid in full, may well have relied upon the share which they will get as things are. We discussed that situation in Re Gasteiger & Co. (C. C. A.) 25 F.(2d) 642."

And the opinion, referring to City of Chelsea v. Dolan (C. C. A.) 24 F.(2d) 522, relied upon by the petitioner herein, added: "Under the amendments to the Bankruptcy Act of 1926, the court is given power in appropriate cases to apply the amendments to pending proceedings (section 18, 44 St. at L. 667, 668 [11 USCA § 1 note]); by virtue of which the First Circuit in City of Chelsea v. Dolan, 24 F.(2d) 522, gave effect to priorities established after petition filed. We need not go so far here; indeed the statute suggests nothing of the kind. But, so far as we know —except for some decisions in the District Courts—it has never been thought that such statutes should not be construed to cover all future insolvencies, or that they are invalid if they do."

Moreover, the Circuit Court of Appeals, in interpretation of the state statute, said: "All that was done was to provide for a new division of any pot, which should in the future arise through the sequestration of the debtor's assets in bankruptcy, or any other insolvency proceedings."

It is fundamental that on the filing of the petition in bankruptcy the assets of the bankrupt's estate constitute a trust fund in custodia legis. Let us assume that expedition might have led to a distribution of assets to creditors before April 20, 1931. Certainly in such circumstances the petitioner herein would have had no claim for priority. It surely is an adventitious circumstance that the estate had not been so distributed before the legislation was enacted. Can it be said that such legislation could increase the rights of one creditor at the expense of another without act of either? Clearly the result would be inequitable, as effecting not merely remedial but substantive rights.

In White v. Stump, 266 U. S. 310, 45 S. Ct. 103, 104, 69 L. Ed. 301, it is true that the matter considered was one somewhat different from that presented herein, in that exemptions under a state law were considered. Nevertheless, there is sufficient analogy to warrant the application of the following doctrine to the facts in hand: "These and other provisions of the Bankruptcy Law show that the point of time which is to separate the old situation from the new in the bankrupt's affairs is the date when the petition is filed. This has been recognized in our decisions. Thus we have said that the law discloses a purpose 'to fix the line of cleavage' with special regard to the conditions existing when the petition is filed (Everett v. Judson, 228 U. S. 474, 479, 33 S. Ct. 568, 57 L. Ed. 927, 46 L. R. A. [N. S.] 154), and that 'it is then that the bankruptcy proceeding is initiated, that the hands of the bankrupt and of his creditors are stayed and that his estate passes actually or potentially into the control of the bankruptcy court' (Bailey v. Baker Ice Machine Co., 239 U. S. 268, 275, 36 S. Ct. 50, 54, 60 L. Ed. 275; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 307, 32 S. Ct. 96, 56 L. Ed. 208). When the law speaks of property which is exempt and of rights to exemptions, it of course refers to some point of time. In our opinion this point of time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors and the trustee in other particulars are fixed."

See, also, In re Gasteiger & Co. (C. C. A.) 25 F.(2d) 642, 644, in which it was held, in a consideration of the amendment of the Bankruptcy Act of May 27, 1926, that: "For these reasons it seems to us that it is not 'practicable' to apply retroactively section 64 (b) (7) [11 USCA § 104 (b) (7)] to cases where the claims have all been filed and the rights all fixed."

Accordingly, the order of the referee is affirmed.