374

Cohen & Wedeen, of New York City (Sidney Wedeen, of New York City, of counsel), for appellants.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

On April 19, 1938, a voluntary petition for reorganization of the debtor corporation, Old Algiers, was approved as properly filed. Thereafter, on June 3, 1938, an order for liquidation was entered. The estate is still in the course of administration, about $1,500 being in the possession of the trustee in bankruptcy and the time for filing claims not expiring until December 10, 1938. Prior to the entry of the order of liquidation the appellants rendered services as counsel and secretary respectively to a creditors committee. On September 22, 1938, they filed their petition for an order applying Chapter 10, Article 13 of the Chandler Act to the pending proceedings and fixing a time for a hearing to consider their applications for allowances. Their petition was denied. It is conceded that, except for the amendments to section 77B introduced by the Chandler Act, the appellants' services could not be compensated out of the estate since reorganization failed. Sartorius v. Bardo, 2 Cir., 95 F.2d 387, 389; In re Manhattan Music Hall, D.C.S.D.N.Y., 14 F.Supp. 48, 55–57; In re Higgin Mfg. Co., D.C.E.D.Ky., 19 F.Supp. 120, 122; In re Geiser Mfg. Co., D.C.M. D.Pa., 23 F.Supp. 482, 484. But it is contended that the Chandler Act amendments are applicable to the present proceedings and entitle the appellants to a hearing upon their applications for allowances. How much, if anything, should be allowed for the services is not presented by this record; the question is merely whether the applications should be considered by the district judge.

Section 242 of the Chandler Act, 11 U. S.C.A. § 642, declares:

"The judge may allow reasonable compensation for services rendered * * * in connection with the administration of an estate in a proceeding under this chapter or in connection with a plan approved by the judge, whether or not accepted by creditors and stockholders or finally confirmed by the judge—

"(1) by * * * committees or representatives of creditors or stockholders; * * * and

"(3) by the attorneys or agents for any of the foregoing * * *."

Section 246, 11 U.S.C.A. § 646, provides: "Upon the dismissal of a proceeding under this chapter, or the entry of an order adjudging the debtor a bankrupt, the judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in such proceeding prior to such dismissal or order of adjudication by any persons entitled thereto, as provided in this chapter, and shall make provision for the payment thereof, and for the payment of all proper costs and expenses incurred by officers in such proceedings."

Section 247, 11 U.S.C.A. § 647, relates to fixing a time of hearing for consideration of applications for allowances. and giving notice thereof. It is apparent, therefore, that if these provisions are applicable the appellants are entitled to a hearing.

The Chandler Act went into effect on September 22, 1938, but Congress plainly declared its purpose to have the provisions of Chapter 10, Article 13, apply to reorganization proceedings then pending. By section 276(c), 11 U.S.C.A. § 676(c), such proceedings are divided into two groups, as follows:

"(1) if the petition in such proceedings was approved within three months prior to the effective date of this amendatory Act, the provisions of this chapter shall apply in their entirety to such proceedings; and

"(2) If the petition in such proceedings was approved more than three months before the effective date of this amendatory Act, the provisions of this chapter shall apply to such proceedings to the extent that the judge shall deem their application practicable; and * * *."

Since the petition in the proceedings at bar was approved on April 19, 1938, this case falls within the second group and the new provisions are to be applied "to the extent that the judge shall deem their application practicable."

The discretion conferred upon the district judge to determine whether it is "practicable" to apply the new provisions to pending proceedings begun prior to June 22, 1938 should not lightly be overridden; but the adoption of an erroneous·test of practicability constitutes an abuse of discretion which is within the province of an appellate court to correct. In the case at bar the district judge expressed the view that section 276(c) (2), 11 U.S.C.A. § 676(c) (2), means that the new provisions are to be applied only in so far as their application "may benefit the estate." We are unable to agree that benefit to the estate can be the test of practicability. Under such a test the amendatory provisions permitting the judge to allow compensation out of the estate although reorganization has been determined to be impossible, could never be applied to cases begun before June 22, 1938. Yet it is clear that Congress contemplated that it might sometimes be "practicable" to apply them in such cases. In our opinion the test of practicability should be whether the new provisions, for aught that has happened in the pending proceedings, can be applied as fairly and conveniently as they could be had the proceeding been started within three months of the effective date of the Act—in which event the new provisions would indubitably control by reason of section 276(c) (1), 11 U.S.C.A. § 676(c) (1). If, for example, administration had progressed so far that the assets of the estate had been distributed by way of dividends to creditors, it would be neither fair nor convenient to require creditors to return the dividends in order that fees might be paid pursuant to section 246; it would not be "practicable" to apply the new provision. But where, as in the present case, the trustee still has funds in hand and the time for proving claims of creditors has not expired, fees to which the appellants may be entitled can apparently be as conveniently and as justly paid out of the estate as if the proceeding had been begun after June 22, 1938. Under such circumstances, it would seem to be "practicable" to apply the amendatory provisions.

Judicial support for this view may be found in decisions construing the word "practicable" in the 1926 amendments to the Bankruptcy Act. Section 18 thereof provided that "the provisions of this amendatory Act shall govern proceedings, so far as practicable and applicable, in bankruptcy cases pending when it takes effect; * * *". Act May 27, 1926, 44 Stat. 667. In City of Chelsea v. Dolan, 1 Cir., 24 F.2d 522, the question arose whether the amendatory provision giving wage claims priority over taxes was applicable to a pending case in which no order of

distribution had been made. Since the assets of the estate were still in custodia legis and there was no difficulty in applying the new priority provisions, the court held it was clearly "practicable" to do so. Adams v. Bowen, 1 Cir., 46 F.2d 294, accord. Similarly, the amendatory provisions relating to the burden of proof in the matter of discharge were held applicable to a pending case in Re Jones, D.C.N.D.Ga., 15 F.2d 692; as were also the provisions creating new grounds for barring the bankrupt's discharge, although as to this the cases are not in complete unanimity. In re Carter, 2 Cir., 32 F.2d 186, 188; Royal Indemnity Co. v. Cooper, 4 Cir., 26 F.2d 585, 586; contra, In re Wyatt, D.C.E. D.Va., 23 F.2d 350; Morton v. Snider, 8 Cir., 20 F.2d 469. Our own court concluded that it was not practicable to accord priority to a claim of the United States in a pending case in which the rights of creditors had become fixed by the expiration of the time for filing claims before the amendatory provisions became effective. In re John G. Gasteiger & Co., 2 Cir., 25 F.2d 642. See, also, In re Inland Dredging Corp., 2 Cir., 61 F.2d 765, 766, 88 A.L.R. 254. In the case at bar, however, as already noted, the rights of creditors had not become so fixed. Hence we do not regard the Gasteiger Case as opposed to the views above expressed as to the meaning of "practicable" in section 276(c) (2) of the Chandler Act.

For the foregoing reasons we think the appellants were entitled to a hearing on their applications for allowances. Order reversed.

Circuit Court of Appeals, Second Circuit.
Dec. 12, 1938.