**In re UTILITIES POWER & LIGHT CORPORATION.**

**No. 64605.**

District Court, N. D. Illinois, E. D.

May 24, 1940.

Brown, Fox & Blumberg, of Chicago, Ill., for Atlas Corporation.

Willard L. King, of Chicago, Ill., for Common Stockholders.

Poppenhusen, Johnston, Thompson & Raymond, of Chicago, Ill., for Class A stockholders.

Frederick Z. Marx, of Chicago, Ill., trustee for Webster Securities.

James G. Culbertson, of Chicago, Ill., for Utilities Elkhorn Coal Co.

Adams, Nelson & Williamson, of Chicago, Ill., for Public Securities Co.

HOLLY, District Judge.

A motion has been entered by the Committee for Class A Stockholders of the Debtor, the Committee for the Class B Stockholders of the Debtor, the Trustees of Public Utilities Securities Corporation, the Trustee of Webster Securities Corporation, joined in by the attorney for Utilities Elkhorn Coal Company, a wholly owned subsidiary of the Debtor now in process of reorganization in this court under the provisions of Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, that an order may be entered that Article XIII of Chapter X of the Chandler Act, 11 U.S.C.A. § 641 et seq., be applied to all applications for compensation for services rendered and reimbursement for expenses and costs incurred in these proceedings. Atlas Corporation, a creditor and also a holder of preferred stock of the Debtor, opposes the motion, contending (a) that Chapter X should not be applied retroactively to the pending proceedings since the right of creditors and preferred stockholders became fixed at the time of the filing of the petition for reorganization or when the time for

filing claims in the pending proceedings expired, (b) that to now apply Article XIII of Chapter X to these proceedings would be to disturb the vested rights of creditors of the Debtor and deprive them of their property without due process of law, (c) that Class A, Class B and Common stockholders of the Debtor and Utilities Elkhorn Coal Company have already been found by the court to have no equity in the assets of the Debtor and no right to participate in the plan of reorganization (creditors and preferred stockholders only being permitted to participate in the reorganization) and for that reason are in no position to move for the application of the Chandler Act to these proceedings, and that it would be grossly unfair and certainly not feasible, in the present state of the proceedings for the reorganization of the Utilities Elkhorn Coal Company, to apply article XIII of the Chandler Act.

Section 276, sub. c (2) of the Chandler Act provides as follows:

"c. the provisions of sections 77A and 77B of chapter VIII, as amended, of the Act entitled 'An Act to establish a uniform system of bankruptcy throughout the United States', approved July 1, 1898, shall continue in full force and effect with respect to proceedings pending under those sections upon the effective date of this amendatory Act, except that—

\* \* \* \* \* \* \* \* \* \*

"(2) if the petition in such proceedings was approved more than three months before the effective date of this amendatory Act, the provisions of this chapter shall apply to such proceedings to the extent that the judge shall *deem their application practicable.*" (Italics mine.)

In construing these provisions the Circuit Court of Appeals for the Second Circuit in Re Old Algiers, Inc., 100 F.2d 374, 375, said that "Congress plainly declared its purpose to have the provisions of Chapter 10, Article 13, apply to reorganization proceedings then pending" and further: "The discretion conferred upon the district judge to determine whether it is 'practicable' to apply the new provisions to pending proceedings begun prior to June 22, 1938, should not lightly be overridden; but the adoption of an erroneous test of practicability constitutes an *abuse* of discretion which is within the province of an appellate court

to correct. In the case at bar the district judge expressed the view that section 276 (c) (2), 11 U.S.C.A. § 676, (c) (2), means that the new provisions are to be applied only in so far as their application 'may benefit the estate.' We are unable to agree that benefit to the estate can be the test of practicability. Under such a test the amendatory provisions permitting the judge to allow compensation out of the estate although reorganization has been determined to be impossible, could never be applied to cases begun before June 22, 1938. Yet it is clear that Congress contemplated that it might sometimes be 'practicable' to apply them in such cases. In our opinion the test of practicability should be whether the new provisions, for aught that has happened in the pending proceedings, can be applied as fairly and conveniently as they could be had the proceeding been started within three months of the effective date of the Act— in which event the new provisions would indubitably control by reason of section 276(c) (1), 11 U.S.C.A. § 676 (c) (1). If, for example, administration had progressed so far that the assets of the estate had been distributed by way of dividends to creditors, it would be neither fair nor convenient to require creditors to return the dividends in order that fees might be paid pursuant to section 246; it would not be 'practicable' to apply the new provision. But where, as in the present case, the trustee still has funds in hand and the time for proving claims of creditors has not expired, fees to which the appellants may be entitled can apparently be as conveniently and as justly paid out of the estate as if the proceeding had been begun after June 22, 1938. Under such circumstances, it would seem to be 'practicable' to apply the amendatory provisions."

Counsel for Atlas Corporation, however, call our attention particularly to that part of the opinion in which it is noted that there the time for filing claims had not expired when the motion to apply the provisions of the Chandler Act was made while here an order had been entered July 30, 1937, fixing September 30, 1937, as the time within which claims must be filed. It is the contention of Atlas Corporation that at that time the rights of the creditors and preferred stockholders became fixed and the court may not disturb their vested rights by

permitting the application of Article XIII of Chapter X under which the court is authorized to allow fees that might not be allowable under the provisions of Section 77B.

In support of this position counsel rely very largely upon Watters v. Hamilton Gas Co., D.C.W.Va., 29 F.Supp. 436, 445, and In re Gasteiger & Co., Inc., 2 Cir., 25 F.2d 642. In Watters v. Hamilton, supra, it appeared that the final plan of reorganization had been approved, the petitions for fees had been filed, a hearing had, the evidence transcribed and practically every question in the case determined and nothing remained to be done except the decision by the court of the fees to be allowed, all prior to the enactment of the Chandler Act. The court did not hold that vested rights would be disturbed if the provisions of the Chandler Act were applied, but only that, considering all the circumstances, it was not practicable to apply the Act. In the case at bar, the plan which was finally approved was not filed in this court until July 31, 1939, was not approved by the Securities and Exchange Commission until July 26, 1939, and the order confirming the plan was not entered by this court until January 2, 1940.

In re Gasteiger & Co., Inc., supra, is not in point on this question. That was a straight bankruptcy proceeding in which the statute fixed the time for filing claims, a time limit which is absolute and may not be extended. But in 77B proceedings the time for filing claims is fixed by order of court and the court may, in its discretion, extend the time. The cases are not similar. I have read the other cases cited by counsel for Atlas Corporation but find them no more nearly in point than the Watters and Gasteiger cases, supra.

I am of the opinion that to allow the motion would not operate as a disturbance of the vested rights of the creditors or holders of preferred stock of the Debtor.

The question remains, however, whether to allow the motion would be unfair to the creditors and holders of preferred stock. It is true that under the provisions of Article XIII of Chapter X of the Chandler Act the court may allow compensation for services which might not be compensated under Section 77B.

But the court may allow for services only which were beneficial in the administration of the estate. Is is unfair that the creditors and holders of preferred stock who have benefited by such services should pay for them.

It is urged that acceptances of the plan confirmed by the court were solicited and granted on the understanding that allowances would be governed by the provisions of section 77B. I know of nothing in the record on which such an understanding could be based. Certainly nothing of the kind was stated in the communications sent out to stockholders and creditors. The Chandler Act was in effect when the communications went out and the creditors and stockholders might reasonably have anticipated that some of those interested in the case would ask to have the provisions of the Act applied.

It is further urged that the court has found that the holders of Class A, Class B and Common stock have no interest in the assets of the estate and were not entitled to participate therein, therefore the proponents of the present motion have now no standing in this case and are not entitled to make this motion. That does not follow. If these persons can bring themselves within the provisions of said Article XIII they may be entitled to fees even though the stockholders referred to have no interest in the estate.

Counsel for Atlas Corporation have argued this matter as though if the motion were allowed then as a matter of course an allowance would be made to someone who has contributed nothing and who should be paid nothing. Article XIII does not authorize the court to allow fees to any one who has not contributed to the plan or rendered services which were beneficial in the administration of the estate. Any one filing a petition for fees who fails to show he has rendered such services will fail to establish his claim.

As to the petition of Mr. Culbertson as attorney for Utilities Elkhorn Coal Company, if he can show that he has rendered services compensable under the provisions of Article XIII of Chapter X of the Chandler Act, I see no reason why an allowance should not be made to him.