### In re TOTARELLO.
### In re DOUGAN.

District Court, D. New Jersey.
June 14, 1940.

Carl & Wm. Abruzzese, of Newark, N.J., for bankrupt, Joseph Totarello.

Henry Goldhor, of Newark, N.J., for creditor.

Anna B. Hogan, of Jersey City, N.J. (John A. Hartpence, of Jersey City, N.J., of counsel), for bankrupt, Stanley Dougan.

FAKE, District Judge.

Question arises in each of these cases as to whether the bankrupts were required to file applications for discharge under the provisions of the Bankruptcy Act of 1898, 11 U.S.C.A. § 32, sub. a, before discharges can be granted. It is argued that Chapter III, Sec. 14, sub. a, of the Chandler Act, 11 U.S.C.A. § 32, sub. a, made the filing of such applications unnecessary.

In neither of these cases were applications for discharge filed within the twelve month period required by Sec. 32, sub. a, supra. In the Dougan case, the time expired on the 10th day of June, 1938, and in the Totarello case the time expired on the 10th day of September, 1938. The Chandler Act took effect September 22, 1938, at which time the instant cases were still pending and the bankrupt's rights to file applications for discharge had not been forfeited or entirely extinguished since Sec. 32, sub. a, provides that if it shall appear that bankrupts were "unavoidably prevented" from filing such an application within the twelve month period "it may

be filed within but not after the expiration of the next six months." In re Ewing, D.C., 8 F.Supp. 285. The Chandler Act, Chapter III, Sec. 14, sub. a, provides that "The adjudication of any person, except a corporation, shall operate as an application for a discharge." It also provides by Section 6, sub. b, 11 U.S.C.A. § 1 note, that: "Except as otherwise provided in this amendatory Act, the provisions of this amendatory Act shall govern proceedings so far as practicable in cases pending when it takes effect." It is expressly provided however that this provision shall not affect pending cases where the provisions of the Chandler Act do not apply. The subject of application for discharge is covered by the Chandler Act, and therefore it follows that the language above quoted does apply in these cases. This raises the further question as to whether it is "practicable" to apply it. Bearing in mind that the change which the Chandler Act brings about, is merely a change in procedure and results in avoiding the evils and misfortunes which were often inflicted on innocent bankrupts whose attorneys had, through oversight, neglected to file applications for discharge in time, it would appear that this provision should be liberally construed to overcome the evil it is aimed at. I can think of no reasonable disadvantages or impracticalities ensuing either to creditors or bankrupts if the adjudication carries with it the application for discharge in cases such as these, since the discharge will not be granted where the bankrupt has offended against the provisions of the Act and he carries the same burdens in this regard that he did before. It is my view that it is practicable to give effect to the Chandler Act in these cases. That a liberal construction is given to the word "practicable" appears in Dickinson Industrial Site Corp. v. Cowan et al., 60 S.Ct. 595, 596, 84 L.Ed. ——, decided by the United States Supreme Court March 11, 1940, wherein it is held that: "Where, as here, appeal is taken after the effective date of the act, it is clearly 'practicable' to apply the new appeal provisions." See also In re Old Algiers, Inc., 2 Cir., 100 F.2d 374.

These cases should be proceeded with as though the adjudication in each case carried with it an application for discharge.

Orders will be entered in conformity herewith.