## RECONSTRUCTION FINANCE CORPORA-
## TION v. FLYNN.
### No. 247, Docket 21307.

United States Court of Appeals
Second Circuit.

Argued May 9, 1949.

Decided June 8, 1949.

Sol A. Liebman, Asst. Agency Counsel, Reconstruction Finance Corporation, of New York City (Harold E. Jacobson, Agency Counsel, and Charles R. L. Hemmersley, Counsel, Reconstruction Finance Corporation, both of New York City, on the brief), for appellant.

Lawrence J. McKay, of New York City (Cahill, Gordon, Zachry & Reindel, of New York City, on the brief), for appellee.

Alfred P. O'Hara, of New York City, for Lithaloys Corporation, debtor.

Before CHASE, CLARK, and DOBIE, Circuit Judges.

CLARK, Circuit Judge.

This appeal presents the issue whether or not claims filed against a debtor in reorganization by the Reconstruction Finance Corporation as transferee of two other governmental corporations are entitled to the priority accorded debts due the United States granted by Rev.Stats. § 3466, 31 U.S.C.A. § 191, as recognized by § 64, sub. a(5), of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(5). The R. F. C.'s petition for such priority was filed after a plan for reorganization of the debtor had been approved, and the debtor's trustee opposed it on the grounds that the law did not accord priority to the claims of governmental corporations and that a later statute granting priority to claims of the nature here involved could have no retroactive operation. The district court denied the petition and the R. F. C. appeals.

The R. F. C. filed the two claims in issue on November 18, 1946, the final filing date allowed by the district court. The first claim represented a debt arising out of transactions between the debtor and the Defense Plant Corporation, which was transferred to the R. F. C. upon the dissolution of that corporation under Public Law 109, 79th Congress, 1st Session, 15 U.S.C.A. § 611 note. The claim was later amended

in January, 1948, to include a small sum for the value of personal property leased by the Defense Plant Corporation to the debtor. The second claim represented the balance of a secured loan owed by the debtor to the Smaller War Plants Corporation and transferred to the R. F. C. upon its dissolution under Executive Order No. 9665, dated December 27, 1945, 3 CFR, 1945 Supp. p. 166. In May, 1947, this claim was reduced by the amount realized on the security; and since the Manufacturers Trust Company held a ten per cent participating interest in the loan on which the claim was based, the amount was further reduced. In final form priority was claimed for a total of $185,-635.81.

On May 25, 1948, Public Law 548 became effective, providing, in § 3(a), 15 U.S.C.A. § 603(a), that "Debts due the Corporation, whether heretofore or hereafter arising, shall not be entitled to the priority available to the United States pursuant to section 191 of Title 31 except that the Corporation shall be entitled to such priority with respect to debts arising from any transaction pursuant to any of the following Acts or provisions in effect at any time: * * * sections 4(f) and 9 of the Act entitled 'An Act to mobilize the productive facilities of small business in the interests of successful prosecution of the war, and for other purposes', approved June 11, 1942 (56 Stat. 354, 356)." Since the claims in issue arose under §§ 9 and 4(f), 50 U.S.C.A.Appendix, §§ 1109, 1104(f), respectively, the R. F. C. filed a further amendment on September 2, 1948, claiming priority on $185,635.81 of its original claims, omitting only the ten per cent interest of Manufacturers Trust; and on the rejection of the amendment by the trustee, it petitioned the district court for an order allowing the priority claims. At the time the petition was filed an amended Plan of Reorganization had already been approved and confirmed by the district court, which was in substance a plan of liquidation of the corporation as insolvent and which provided, *inter alia*, for payment of all priority claims prior to general distribution. No actual distribution has been made. The court had expressly retained jurisdiction to modify its order confirming the Plan. It is from the denial of this petition that the appeal is taken.

Petitioner urges that before Public Law 548 was enacted the R. F. C. was entitled to priority under § 3466. But we need not wrestle with that problem,[1] since it is apparent that Public Law 548 was intended to be retroactive in effect. That intent is evident both in the specific words of the statute, "debts * * * whether heretofore or hereafter arising," and in its syntax: The general clause, *divesting* the R. F. C. of governmental priority, precedes the exceptions, *preserving* that priority in certain instances. The syntactic evidence is borne out by statements in the Congressional debates,[2] and our conclusion is supported by the judgment of the only other circuit which has considered the problem. In re Temple (Bell v. Reconstruction Finance Corp.), 7 Cir., 174 F.2d 145. Any other interpretation, in fact, would defeat the very purpose of the statute, since at the time of its enactment both the Defense Plant Corporation and the Smaller War Plants Corporation had substantially terminated their activities.

■ It is argued further that petitioner made its application for priority too late, since the rights of creditors are determined as of the date of filing the petition. Here, moreover, the application came after the time for filing claims had expired and a

[1] Compare Sloan Shipyards Corp. v. United States Shipping Board Emergency Fleet Corp., 258 U.S. 549, 42 S.Ct. 386, 66 L.Ed. 762, with later cases such as United States v. Emory, 314 U.S. 423, 62 S.Ct. 317, 86 L.Ed. 315, and Cherry Cotton Mills v. United States, 327 U.S. 536, 66 S.Ct. 729, 90 L.Ed. 835.

[2] See the statement of Senator Buck, member of the Senate Committee on Banking and Currency and chairman of the subcommittee on R. F. C. powers and operations, on the floor of the Senate: "Because of a recent Supreme Court decision, a question has arisen as to whether RFC may not be entitled to the priority in bankruptcy which is available to the United States. The committee believes that RFC should not have such priority with respect to debts arising from its normal lending activities." 94 Cong.Rec. 4108. To similar effect is H.R.Rep.No. 1836, 80th Cong., 2d Sess., 1948 U. S. Code Cong. Serv., Pt. 2, 1576, at 1587.

plan of liquidation had been confirmed, though it was still within the retained jurisdiction of the court and no distribution had been actually made to creditors. Of course upon the petitioner's first contention, which we have not considered, no question could arise, since the plan properly recognized all priorities according to law. But on the ground we have taken we think the result must be the same. We cannot see that the orderly proceedings in bankruptcy will be disturbed if the priority is allowed, and we do not find the authorities cited by respondent to require the contrary.

Thus White v. Stump, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301, concerns an exemption perfected after bankruptcy, while United States v. Marxen, 307 U.S. 200, 59 S.Ct. 811, 83 L.Ed. 1222, concerns an assignment similarly made after bankruptcy. In the case of In re John G. Gasteiger & Co., 2 Cir., 25 F.2d 642, 643, the priority was to be accorded retroactively only "so far as practicable and applicable." In the case of In re C. H. Earle, Inc., D.C.E.D.N.Y., 2 F.Supp. 15, affirmed on opinion below, 2 Cir., 65 F.2d 1013, certiorari denied Globe Indemnity Co. v. C. H. Earle, Inc., 290 U.S. 674, 54 S.Ct. 92, 78 L.Ed. 582, the statute involved contained no express retroactive provision; any intimation that rights vested at the time a petition in bankruptcy is filed cannot be divested by statute must be disregarded, particularly in the light of later decisions. For we indicated a view to the contrary in Re Inland Dredging Corp., 2 Cir., 61 F.2d 765, 766, 88 A.L.R. 254, per L. Hand, J., certiorari denied Castellano v. Globe Indemnity Co., 288 U.S. 611, 53 S.Ct. 403, 77 L.Ed. 985, and so decided in In re Old Algiers, 2 Cir., 100 F.2d 374, citing and relying on City of Chelsea v. Dolan, 1 Cir., 24 F.2d 522, certiorari denied 277 U.S. 606, 48 S.Ct. 602, 72 L.Ed. 1012, and Adams v. Bowen, 1 Cir., 46 F.2d 294, which are direct authorities. So, also, is In re Temple, supra. Possibly in other situations where a showing can be made of action in reliance by participating creditors upon the absence of a claim the bankruptcy court might exercise its discretion in weighing the equities, to refuse a priority retroactively created and applied for after the plan had been confirmed. But here at least, where the plan is to repay creditors, and that has not been done, there is no ground for denying a legal priority. Since there is no dispute upon the facts, the order for priority should be granted.

Reversed.