NEW YORK CREDIT MEN'S ADJUST-
MENT BUREAU, INC. and Chauncey
H. Levy, Appellants,

v.

A. JESSE GOLDSTEIN & CO., Appellee.

No. 220, Docket 25994.

United States Court of Appeals
Second Circuit.

Argued March 2, 1960.

Decided March 30, 1960.

Chauncey H. Levy, New York City, for appellants.

Bernard Bayer, New York City, for appellee.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge.

The sole question raised by this appeal is whether it is "practicable" to apply to a liquidation proceeding pending at the time it took effect, § 19 of the 1952 Amendatory Act to the Bankruptcy Act.[1]

1. 66 Stat. 426, 11 U.S.C.A. § 104. The amendment states in pertinent part:
"[W]here an order is entered in a proceeding under any chapter of this title

directing that bankruptcy be proceeded with, the costs and expenses of administration incurred in the ensuing bankruptcy proceeding shall have priority in ad-

granting to administration claims arising in bankruptcy liquidation priority in advance of payment of claims of the same kind incurred in a superseded debtor reorganization proceeding. Whether it is practicable so to apply § 19 turns upon the interpretation to be placed upon § 56(b) of the amending act, 66 Stat. 438, 11 U.S.C.A. § 1 note, which reads: "The provisions of this amendatory Act shall govern proceedings so far as practicable and applicable in cases pending when it takes effect * * *" The Act took effect on October 7, 1952.

The debtor, New England Air Express, Inc., filed a petition for an arrangement under Chapter XI of the Bankruptcy Act (11 U.S.C.A. § 701 et seq.) on September 24, 1951. It was continued in possession of its property and in December 1951, pursuant to court order, retained appellee as its accountant. On April 17, 1952, the debtor was adjudged a bankrupt. The trustee's final report, filed in 1958, showed that about $9,700 was available for the payment of the costs and expenses of administration; that claims allowed in the liquidation totaled more than half of this. The administration claims arising in the earlier Chapter XI proceeding had been filed by September 1953 and totaled about $54,000. Appellee's claim of $2,-000 was among these.

The referee ruled that since all the claims of administration could not be paid in full, § 19 of the Amendatory Act could practicably be applied to give to the administration claims accruing in the liquidation proceeding priority in advance of payment of claims in the Chapter XI proceeding. The district court reversed the referee's decision, finding that it was not "practicable" to apply the amendment in this case, because its application "would be an unexpected blow to the claimants for administration expenses of the Chapter XI

proceeding and an unexpected windfall to the claimants for administration expenses of the bankruptcy proceeding." We agree with the referee and reverse the decision of the district court.

■ There is no doubt that Congress has the power to enact legislation rearranging the order of priorities to be observed in the distribution of a bankrupt's property and to apply such a law to proceedings pending at the time of its enactment without violating the Fifth Amendment. Coin Machine Acceptance Corp. v. O'Donnell, 4 Cir., 1951, 192 F.2d 773, 777–778; City of Chelsea v. Dolan, 1 Cir., 1928, 24 F.2d 522. Whether it is "practicable" to apply such priorities to a pending case is a matter within the discretion of the district court, but "the adoption of an erroneous test of practicability constitutes an abuse of discretion which is within the province of an appellate court to correct." In re Old Algiers, Inc., 2 Cir., 1938, 100 F.2d 374, 375.

■ Our task of determining what test of practicability Congress intended should apply is made easier by the fact that provisions like § 56(b) were well known to bankruptcy law prior to the 1952 Act. The identical language was used in § 18 of the Amendatory Bankruptcy Act of 1926, 44 Stat. 667, and the Chandler Act of 1938 stated that "the provisions of this chapter shall apply to * * * proceedings [in which the petition was approved more than three months before the effective date of the Act] to the extent that the judge shall deem their application practicable * * *"[2] Both of these earlier provisions were considered by the Courts of Appeals, and we think that in enacting § 56(b) Congress intended to adopt the interpretation that had already been placed upon this language by the courts. As has often been said, when Congress uses language having a recognized construction from former acts, it will be supposed

vance of payment of the unpaid costs and expenses of administration, including the allowances provided for in such chapter, incurred in the superseded proceed-

ing and in the suspended bankruptcy proceeding, if any * * *"

2. Now 11 U.S.C.A. § 676, sub. c(2).

to have used the words in the same sense in which they were previously used, in the absence of any indication of a contrary legislative intent.

In City of Chelsea v. Dolan, supra, the court held in interpreting the language of § 18 of the 1926 Act that it was "practicable" to apply to a case pending at the time the Act was passed a provision of the amending Act granting to claims for wages priority over amounts due the city for taxes, though plainly the effect of the holding was detrimental to the tax claimant and a windfall to the wage claimants. The court suggested that there was no "difficulty" in applying the amendment to the case before it, by which it apparently meant that it was administratively feasible to do so. This Court relied upon the City of Chelsea decision in interpreting the above quoted language of the Chandler Act in In re Old Algiers, Inc., supra. The Court held that a creditor's committee, which had performed services in a prior abortive reorganization proceeding, was entitled to a hearing upon its claim for compensation under a provision of the Chandler Act, though liquidation of the bankrupt had begun some months before the Act was passed. The Court made clear that application of the amending Act to pending cases was "practicable" so long as it was convenient from the view of orderly administration of the Bankruptcy Act so to apply it, when it stated:

"If, for example, administration had progressed so far that the assets of the estate had been distributed by way of dividends to creditors, it would be neither fair nor convenient to require creditors to return the dividends in order that fees might be paid pursuant to section 246; it

would not be 'practicable' to apply the new provision. But where, as in the present case, the trustee still has funds in hand and the time for proving claims of creditors has not expired, fees to which the appellants may be entitled can apparently be as conveniently and as justly paid out of the estate as if the proceeding had been begun after June 22, 1938. Under such circumstances, it would seem to be 'practicable' to apply the amendatory provisions." 100 F.2d at page 375. See also Adams v. Bowen, 1 Cir., 1931, 46 F.2d 294; cf. In re Smith, 2 Cir., 1940, 112 F.2d 711; In re Totarello, D.C.N.J.1940, 33 F.Supp. 530.

It is equally practicable to apply § 19 of the 1952 Act, granting priority to claims of administration arising in the liquidation proceeding, to the facts of the case before us. The funds of the bankrupt are still in the hands of the trustee, and, though we do not regard it as particularly significant, the time for filing claims arising in the reorganization proceeding did not expire for almost a year after the 1952 Act took effect.[3]

The result we reach we believe is in harmony with the purpose for which § 19 was enacted. The purpose of the amendment was to protect against the possibility of a breakdown in the process of liquidation of a bankrupt because of insufficient funds to pay all the claims of administration by affording the liquidation claimants the probable security of a first priority in advance of claimants in a prior reorganization. See S.Rep. No. 1395, 82d Cong., 2d Sess. 4 (1952). At the time the 1952 Act took effect liquidation of the debtor before us had just begun. Assurance to those assist-

3. Appellee contends that if we should conclude, as we do, that it is "practicable" to apply § 19 in this case, we should interpret that provision to grant priority to liquidation claims only in advance of "business" claims in the reorganization proceeding and not in advance of accountants, lawyers and others who assist the debtor in possession or the trustee in carrying out the reorganization. The language of the statute, footnote 1 supra, is too clear, however, to permit the drawing of any such distinction between different types of claims of administration arising in the reorganization proceeding, and the legislative history does not suggest that any distinction was intended. See S.Rep. No. 1395 and H.R.Rep. No. 2320, 82d Cong., 2d Sess. (1952), U.S. Code Cong. and Adm.News 1952, p. 1960.

ing in the liquidation that they would receive their fees in full by according them first priority insured that the liquidation would be able to proceed to an orderly conclusion without undue delay. Application of the amendment was practicable.

The decision of the district court is reversed and the case remanded for proceedings in accordance with this opinion.