### In re WINFIELD MFG. CO.

(District Court, E. D. Pennsylvania. August 21, 1905.)

No. 1,910.

BANKRUPTCY—DEBTS ENTITLED TO PRIORITY—CLAIM FOR RENT.

> The time of filing a petition in bankruptcy fixes the status of persons entitled to priority under Bankr. Act July 1, 1898, c. 541, § 64b (5), 30 Stat. 563 [U. S. Comp. St. 1901, p. 3448], and a provision of a lease to a bankrupt that, in case of his insolvency or the filing of a petition in bankruptcy by or against him, the rent for the entire term shall become at once due and payable, and the landlord may proceed as in case of breach, does not entitle the landlord to priority for the rent for the unexpired portion of the term, although under the state law he would be entitled to such priority in the distribution of the proceeds of the lessee's property when sold in insolvency proceedings.

In Bankruptcy. On supplemental report of referee.
For former opinion, see 137 Fed. 984.

Conard & Middleton, for trustee.
George W. Carr, for claimant.

J. B. McPHERSON, District Judge. By agreement of counsel, the questions involved in this controversy were sent back to the referee for further action, and he has now presented a supplemental report in which he adheres to his rejection of the landlord's claim, but finds as a fact that there was no acceptance of the receiver's attempt to surrender the lease, and that the claimant firm continuously asserted their right to rent for the full year. I think this finding might perhaps be open to question, if the decision of the dispute depended on its correctness, but in my view of the case the fact may be assumed to be as the referee has found it. Nevertheless I cannot uphold the validity of the claim for priority. In my opinion, the clause in question only becomes operative after the filing of the petition in bankruptcy, and I think that the time of filing fixes the status of persons entitled to priority. Liability under the clause is certainly contingent, and I am unable, therefore, to see upon what ground the claim can be successfully put. What was said by the

Court of Appeals in Wilson v. Trust Co., 8 Am. Bankr. Rep. 169, 114 Fed. 742, 52 C. C. A. 374, may have been a dictum, but it is a significant expression of opinion, and I cannot avoid giving it much weight.

The decision of the referee is affirmed.