### In re MILLER.

District Court, S. D. New York.
Sept. 8, 1938.

Harry Loeb Mostow, of New York City, for trustee.

Lamar Hardy, U. S. Atty., of New York City (Jerome H. Doran, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

PATTERSON, District Judge.

The referee held that a claim by the Federal Housing Administrator based on a promissory note made by the bankrupt and acquired by the Administrator after bankruptcy was entitled to priority over general claims. The trustee in bankruptcy asks a review of the ruling.

At the time when the petition in bankruptcy was filed, August 1, 1936, the bankrupt was indebted to National City Bank in the amount of $1,477, the unpaid balance of a negotiable promissory note covering a loan made by the bank for housing improvement. The bank was insured against loss on notes of this character by the Federal Housing Administrator, to the extent permitted by the National Housing Act, 12 U.S.C.A. § 1703. Proof of claim was filed by the bank. Later the Administrator reimbursed the bank and on October 14, 1936, took an assignment of the note. The bank's claim having been withdrawn, the Administrator on February 20, 1937, filed proof of claim against the bankrupt estate, purporting to act in behalf of the United States and claiming priority over general creditors. The trustee in bankruptcy made objection to the priority, but the referee overruled his objection, holding that the claim was entitled to priority.

The claimed priority is based on section 64b(7) of the Bankruptcy Act, 11 U.S.C.A. § 104(b) (7), giving priority to "debts owing to any person who by the laws of the States or the United States is entitled to priority," the word "person" to include the United States itself, and on section 3466 of the Revised Statutes, 31 U.S.C.A. § 191, to the effect that debts due the United States shall have priority in cases where the debtor is insolvent. A debt owing to the United States has priority under these statutes. United States v. Kaplan, 2 Cir., 74 F.2d 664. The referee made an analysis of the National Housing Act and came to the conclusion that a debt owing to the Federal Hous-

ing Administrator is a debt owing to the United States. The soundness of this conclusion may be passed. Even if it be sound, the claim held by the Administrator is not one entitled to priority.

The decisive fact in the case is that the bankrupt did not owe a debt to the Federal Housing Administrator at the time when the petition in bankruptcy was filed or at any earlier time. The claim in question was then a debt owing by him to National City Bank, a simple debt that did not rate priority under the Bankruptcy Act. The passing of the claim to the Federal Housing Administrator by assignment months after the petition in bankruptcy was filed did not promote it from the ranks to a position of leadership. The rights of creditors both against the bankrupt and among themselves are fixed as of the time when the petition is filed. See White v. Stump, 266 U.S. 310, 313, 45 S.Ct. 103, 69 L.Ed. 301. The substantive right of a creditor to share in a bankrupt estate to any extent depends on the status of his claim at the time when the petition in bankruptcy was filed. Zavelo v. Reeves, 227 U.S. 625, 33 S. Ct. 365, 57 L.Ed. 676, Ann.Cas.1914D, 664; Williams v. United States Fidelity & Guaranty Co., 236 U.S. 549, 35 S.Ct. 289, 59 L. Ed. 713. So too the right of a creditor to priority over other creditors in the distribution of an estate depends on the situation existing when the petition was filed. In re Winfield Mfg. Co., D.C.Pa., 140 F. 185. If the claim was one not entitled to priority at that time, a later event will not confer priority. In re C. H. Earle, Inc., D.C.N.Y., 2 F.Supp. 15, affirmed 2 Cir., 65 F.2d 1013, certiorari denied Globe Indemnity Co. v. C. H. Earle, Inc., 290 U.S. 674, 54 S.Ct. 92, 78 L.Ed. 582. See, also, In re Gasteiger & Co., 2 Cir., 25 F.2d 642; In re Photo Electrotype Engraving Co., D.C.N.Y., 155 F. 684; In re Waverly Typewriter, [1898] 1 Ch. 699. Were the rule otherwise the United States or a state might buy up claims of more general creditors after bankruptcy and collect in full, to the ruin of the other creditors. The assignment of the bankrupt's note by the bank to the Federal Housing Administrator after the petition in bankruptcy was filed did not disrupt the equality among creditors prevailing at the time of petition filed. The claim should not have been accorded priority.

Federal Housing Administrator v. Moore, 9 Cir., 90 F.2d 32, presented the same facts as those in this case. Priority was denied. In Wagner v. McDonald, 8 Cir., 96 F.2d 273, relied on by the referee, the notes had been assigned to the Administrator prior to the maker's bankruptcy; the decision that the notes had a prior position because they were in effect held by the United States does not touch the present case. The order granting priority will be reversed and the claim allowed as a general one.