## In re HANSEN BAKERIES, Inc.

### No. 6676.

Circuit Court of Appeals, Third Circuit.

Jan. 27, 1939.

Rehearing Denied May 19, 1939.

William S. Kleinman, of Chicago, Ill., for appellant.

David F. Rosenthal and Frank D. Mayer, both of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

John J. Quinn, U. S. Atty., of Red Bank, N. J., and Thorn Lord, Asst. U. S. Atty., of Trenton, N. J., for appellant.

Milton G. Shoenholz and Herbert J. Kenarik, both of Newark, N. J., for appellee.

Before THOMPSON and BIGGS, Circuit Judges, and MARIS, District Judge.*

MARIS, Circuit Judge.*

On July 26, 1935 Hansen Bakeries, Inc., purchased and installed in its premises certain oil burners and executed a note in payment thereof to the Merchants Trust Company of Red Bank, New Jersey, which was an insured institution under Title 1 of the National Housing Act, 12 U.S.C. § 1702 et seq., 12 U.S.C.A. § 1702 et seq. Thereafter on March 6, 1936 Hansen Bakeries, Inc., filed a voluntary petition in the District Court for the District of New Jersey and was adjudicated a bankrupt.

On August 17, 1936 the Merchants Trust Company filed its claim upon the note in its own name in the bankruptcy proceeding. On April 28, 1937, over a year after the adjudication, the Merchants Trust Company assigned to the Federal Housing Administrator its claim against the bankrupt upon the note and in June 1937 the United States Attorney filed with the referee in bankruptcy a proof of claim upon the note on behalf of the United States of America. The proof requested that the claim be classified as a debt due the United States which was preferred under Section 3466, Revised Statutes, 31 U. S.C.A. § 191, since the Federal Housing Administrator was a duly authorized agent of the United States. The claim for preference was refused, however, by the referee and by the District Court upon review. The present appeal by the Federal Housing Administrator, acting in his official capacity for the United States, followed.

The question raised by the appeal is whether a claim against a bankrupt estate is entitled to priority of payment as a debt due the United States when it is acquired by the Federal Housing Administrator by assignment after the bankruptcy petition is filed. It is clear that priority is not affected by the fact that the debt was due to the Federal Housing Administrator and not directly to the United States since the Administrator was acting in his official capacity as an agent of the Federal Government. Under these circumstances a debt due to him is due to the United States. Wagner v. McDonald, 8 Cir., 96 F.2d 273. It follows, as was held in the case just cited, that a debt due to the Federal Housing Administrator by a bankrupt at the time his petition in bankruptcy is filed is entitled pursuant to Section 64(b) of the Bankruptcy Act, 11 U.S.C. § 104(b), 11 U. S.C.A. § 104(b), to priority of payment under Section 3466, Revised Statutes, 31 U. S.C. § 191, 31 U.S.C.A. § 191, which provides that "Whenever any person indebted to the United States is insolvent, * * * the debts due to the United States shall be first satisfied; and the priority established shall extend * * * to cases in which an act of bankruptcy is committed."

A different situation is presented, however, where, as in the case before us, at the time of bankruptcy the debt in question is due to a private institution which admittedly is not entitled to priority in payment and is not acquired by the Administrator until after the bankruptcy proceedings have started. This situation was not present in Wagner v. McDonald, supra, and that case is, therefore, not authority for the Government's contention here.

It has long been held, both in England and in this country, that the rights of the creditors of a bankrupt become fixed on the date of the filing of the bankruptcy

---

*Appointed Circuit Judge June 24, 1938.

petition. Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244; White v. Stump, 266 U.S. 310, 45 S.Ct. 103, 69 L. Ed. 301. The bankrupt's assets at that time become a trust fund in custodia legis for his creditors whose rights then vest and may not thereafter be disturbed by priorities created by laws thereafter enacted unless the legislative intent to do so is clearly manifested. In re Inland Dredging Corporation, 2 Cir., 61 F.2d 765, 88 A.L.R. 254; In re C. H. Earle, Inc., D.C., 2 F. Supp. 15, affirmed, 2 Cir., 65 F.2d 1013; certiorari denied Globe Indemnity v. C. H. Earle, Inc., 290 U.S. 674, 54 S.Ct. 92, 78 L. Ed. 582. This rule has been applied to the priority of the United States asserted under an amendment to the Bankruptcy Act enacted during the pendency of the bankruptcy proceeding. In re John G. Gasteiger & Co., 2 Cir., 25 F.2d 642. We think that it applies equally to a priority sought to be asserted by the United States by virtue of its having acquired a general claim during the course of the bankruptcy proceeding.

In Section 3466, Revised Statutes, the Congress, by referring to "any person indebted to the United States," has made it sufficiently clear that the debts due the United States as to which priority is to be given in bankruptcy are those only which were owing to the United States by a person, namely the bankrupt prior to his bankruptcy. There is certainly no manifest intention shown by the act to grant priority to a debt which the bankrupt himself never owed to the United States, but which represents merely an assignment of a claim to a distributive share of his estate in custodia legis. The latter, however, is the case before us. Here the United States merely succeeded to the claim of the Merchants Trust Company against the bankrupt's estate. As the Circuit Court of Appeals for the Ninth Circuit said in Federal Housing Adm'r v. Moore, 90 F.2d 32, a case involving a similar situation (page 34): "Appellant was never a creditor of the bankrupt and has no claim against the bankrupt estate except that which the bank assigned to him after the adjudication in bankruptcy. With respect to that claim, appellant has, of course, only such rights as his assignor had. It must be and is conceded that appellant's assignor had no right of priority. The claim that appellant has any such right must, therefore, be rejected."

We, therefore, hold that the claim of the Federal Housing Administrator acquired after the bankruptcy proceedings had commenced was not entitled to priority of payment under Section 3466, Revised Statutes. It is quite clear that the opposite conclusion would not only divest rights of other creditors to a part of their shares in the bankrupt's assets but would play havoc with the orderly administration of bankrupt estates since the United States might at a late stage of the proceedings after the priority of claims had been established and after distributions had been made come in as assignee of a claim theretofore determined to be a general claim and demand priority for it. An interpretation of the statute which would produce such an unjust, inconvenient and unreasonable result is to be avoided, if possible.

Affirmed.