**In re WISSMEIER et al. (two cases).**
**Nos. 32558, 32559.**

District Court, E. D. New York.
March 4, 1939.

Herman G. Robbins, of Brooklyn, N. Y., for trustee.

Vine H. Smith, U. S. Atty., of Brooklyn, N. Y. (Mario Pittoni, Asst. U. S. Atty., of New York City, of counsel), for appellee.

GALSTON, District Judge.

These motions were argued at the same time and present the same question. On November 25, 1938 claims of the United States Government, filed by the Federal Housing Administrator, in the sum of $1,-

073.99, were allowed priority by the referee in bankruptcy.

The bankrupts borrowed $2,000 on three notes, dated May 29, 1935, October 8, 1936 and October 28, 1936 respectively. The first two were made to the order of the National City Bank and the last to Johns Manville Company for supplies furnished to their premises. The bankrupts defaulted and owed on the three obligations $1,073.99, $708.12 and $310.82 respectively, at the time they filed their petitions in bankruptcy on May 4, 1937.

On May 28, 1937 and September 9, 1937, on demand of the National City Bank the Government paid the bank the amount of the notes held; and on August 11, 1937 paid the Johns Manville Company the unpaid amount of the promissory note of the bankrupts held by that corporation. The Government in return obtained the promissory notes and other financial papers held by those two corporations.

Proofs of claim had been filed with the referee by the National City Bank and the Johns Manville Company, as well as by the Government, but on motion of the trustee the claims of the National City Bank and the Johns Manville Company were expunged.

The Government asserted priority pursuant to Title 11, Chap. 7 of the U.S.Code, Sec. 104, 11 U.S.C.A. § 104, by virtue of Title 31, Chap. 6, Sec. 191 of the U.S.Code, 31 U.S.C.A. § 191.

■ It is clear that the National Housing Act gives status to the United States Government as a claimant (U.S.Code, Title 12, Secs. 1701–1706, 12 U.S.C.A. §§ 1701–1706). The question presented though is whether the Government was a creditor, for if it was not, it is difficult to see how its status with respect to a claim of priority can be better than that of its assignor.

■ On the argument of this motion there was filed, pursuant to agreement, a copy of the contract between the Government and the Bank. This instrument was not part of the record before the referee, but after careful consideration thereof I am not of opinion that it helps the Government's contention. It is a contract of insurance and provides: "The Administrator further agrees to lend to the Financial Institution, upon the security of notes in good standing and covered by the insurance, such amounts, up to 100% of the current face value of such notes offered for security, as the Financial Institution may request at a rate of interest to be determined by the Administrator. Such loans will be made subject to due execution of an agreement on the part of the Financial Institution satisfactory to the Administrator, placing the duty upon the Financial Institution to collect payments on such notes and to hold the same in trust for, or remit to the Federal Housing Administration, to apply against the loan or otherwise, as the Administrator may direct."

The instrument creates no direct relationship between the Government and the person who seeks a loan from the bank. At most it imposes a duty upon the bank to collect payments and hold them in trust or remit them to the Federal Housing Administration. It can hardly be contended that the bank acted as a mere agent for the Administrator. The bankrupt, on the contrary, dealt with both the Bank and the Johns Manville Company as principals.

■ Thus at the time of the bankruptcy the bankrupt was indebted not to the Government but to those who held the notes of the bankrupt. Priorities must be measured as at that time. With this rule in mind it must follow that since the creditors at that time—i. e. the Bank and the Johns Manville Company—had no right to priority, their assignee can be in no better position. Wagner v. McDonald, 8 Cir., 96 F. 2d 273; Federal Housing Administrator v. Moore, 9 Cir., 90 F.2d 32; In re Hansen Bakeries, Inc., 3 Cir., 103 F.2d 665, and In the matter of Henry Miller, D.C., 25 F. Supp. 336, recently decided in the Southern District of New York.

The orders of the referee are accordingly reversed. Settle order.