### In re WILLIAM AKERS, JR., CO., Inc.
### No. 20370.

District Court, E. D. Pennsylvania.
Feb. 15, 1940.

David R. Perry and Hiram J. Bloom, Sp. Deputy Attys. Gen. (Humbert B. Powell, Jr., of Philadelphia, Pa., of counsel), for petitioner for review.

Hirschwald, Goff & Rubin and Sidney Chait, all of Philadelphia, Pa., for trustee.

BARD, District Judge.

This case is before the Court on a petition to review an order of a Referee in Bankruptcy denying priority of payment of a claim of $140.64.

This amount is due and payable by the bankrupt to the Unemployment Compensation Fund of the Commonwealth of Pennsylvania for employer's contributions under the Pennsylvania Unemployment Compensation Law, 43 P.S. § 751 et seq.

The priority of claims in a bankrupt estate is determined by the Bankruptcy Act. In re Inland Dredging Corporation, 2 Cir., 61 F.2d 765, 767, 88 A.L.R. 254.

Section 64, sub. b(7), of the Bankruptcy Act provided: "The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be * * * (7) debts owing to any person who by the laws of the States or the United States is entitled to priority; Provided, That the term 'person' as used in this section shall include corporations, the United States and the several States and Territories of the United States." 11 U.S.C.A. § 104, sub. b(7).

The pertinent law of the State, section 310 of the Pennsylvania Act, 43 P.S. § 790, provides: "In the event of any distribution of an employer's assets pursuant to an order of any court under the laws of this Commonwealth, * * * contributions or installments thereof, or interest thereon, then or thereafter due shall be paid in full prior to all other claims except taxes, claims arising under The Workmen's Compensation Act * * * and claims for wages * * *. In the event of an employer's adjudication in bankruptcy, judicially confirmed extension, proposal, or composition under the Federal Bankruptcy Act of one thousand eight hundred ninety-eight, as amended, contributions and interest then or thereafter due shall be entitled to such priority as is provided in section sixty-four (b) of that act (United States Code Annotated Title XI, Section one hundred four (b) as amended). (1936, Second Ex.Sess., Dec. 5, P.L. [1937] 2897, art. III, § 310.)"

It is apparent that on May 2, 1938, the date of filing the petition in bankruptcy, a claim for employer's contributions was entitled to the priority accorded it by Section 64, sub. b(7), of the Bankruptcy Act which incorporated the state law pro tanto.

Since that date Section 64, sub. b(7), of the Bankruptcy Act (with one exception not relevant here), has been deleted and superseded by Section 64, sub. a(5), of the Amendatory Chandler Act, c. 575, 52 Stat. 840, 874, 11 U.S.C.A. § 104, sub. a(5).

This new section provides: "(5) debts owing to any person, including the United States, who by the laws of the United States is entitled to priority · * * *."

The Chandler Act became effective September 22, 1938. The proof of claim was filed by the Commonwealth of Pennsylvania October 7, 1938.

Did the passage of the Chandler Act, effective after the filing of the petition in bankruptcy but prior to the filing of the

claim, expunge the priority status of the petitioner's claim?

Chapter XIV, Section 6, sub. b, of the Chandler Act, 11 U.S.C.A. § 1 note, declares: "Except as otherwise provided in this amendatory Act, the provisions of this amendatory Act shall govern proceedings so far as practicable in cases pending when it takes effect."

■ The rights of creditors of a bankrupt become fixed as of the date of the filing of the bankruptcy petition, Sexton v. Dreyfuss, 219 U.S. 339, 345, 31 S.Ct. 256, 55 L.Ed. 244; White v. Stump, 266 U.S. 310, 312, 45 S.Ct. 103, 69 L.Ed. 301; and may not thereafter be disturbed by laws thereafter enacted unless legislative intent clearly manifests otherwise. In re Hansen Bakeries, Inc., 3 Cir., 103 F.2d 665, 666.

In the latter case the Circuit Court of Appeals for this Circuit in an opinion by Judge Maris said (103 F.2d at page 667): "* * * The bankrupt's assets at that time become a trust fund in custodia legis for his creditors whose rights then vest and may not thereafter be disturbed by priorities created by laws thereafter enacted unless the legislative intent to do so is clearly manifested. In re Inland Dredging Corporation, 2 Cir., 61 F.2d 765, 88 A.L.R. 254; In re C. H. Earle, Inc., D.C., 2 F. Supp. 15, affirmed, 2 Cir., 65 F.2d 1013; certiorari denied Globe Indemnity Co. v. C. H. Earle, Inc., 290 U.S. 674, 54 S.Ct. 92, 78 L.Ed. 582. * * *"

In the Chandler Act "the legislative intent" to apply it to the instant case "so far as practicable" "is clearly manifested."

I have had some doubt whether the words of the Act "shall govern proceedings so far as practicable in cases pending" refer to matters of procedure and remedy only; or whether the Act may be applied to disturb existing priorities.

There is judicial support, however, to give effect to priorities established after the petition in bankruptcy has been filed. City of Chelsea v. Dolan, 1 Cir., 24 F.2d 522, certiorari denied 277 U.S. 606, 48 S.Ct. 602, 72 L.Ed. 1012.

The amendments of 1926 to the Bankruptcy Act gave the Court power in appropriate cases to apply the amendments to pending proceedings "so far as practicable and applicable". Section 18, Act May 27, 1926, 44 St. at L. 667, 668.

In the Dolan case the question arose whether the amendatory provision of 1926

giving wage claims priority over taxes was applicable to a pending case in which no order of distribution had been made. Since the assets of the estate were still in custodia legis and there was no difficulty in applying the new priority provisions the Court held it was clearly "practicable" to do so. The Court said in effect there is no vested right in priorities under the Bankruptcy Act. Adams v. Bowen, 1 Cir., 46 F.2d 294, accord.

In the case of In re Old Algiers, 2 Cir., 100 F.2d 374, an order of liquidation was entered in a reorganization matter before the Chandler Act went into effect. After the effective date of the Chandler Act counsel for a creditor's committee filed a petition for allowance of counsel fee, a right which was new under the Act of 1938. It was held that the provision making the Act of 1938 applicable to pending cases, as far as practicable, was governing here, and sustained the right of counsel to secure a fee, even though no such right was possessed before the Chandler Act. The case is important for its discussion of the meaning of the term "practicable". The opinion of Judge Swan stated (100 F. 2d at p. 375): "* * * In our opinion the test of practicability should be whether the new provisions, for aught that has happened in the pending proceedings, can be applied as fairly and conveniently as they could be had the proceeding been started within three months of the effective date of the Act * * *."

■ Buttressed by the support of these decisions of the Circuit Courts of Appeals of the First and Second Circuits, I can see no valid reason for disturbing the conclusion of the Referee that it is practicable to apply Section 64, sub. a(5), of the Chandler Act to the present case.

The time for filing claims had not expired when the Chandler Act went into effect. The divisor for dividends had not been established. The Trustee has funds in his hands amounting to some $3,500. The bankrupt estate is still in course of administration. The rights of other creditors will not be divested. The presence of these elements distinguishes the instant case from In re John G. Gasteiger & Co., Inc., 2 Cir., 25 F.2d 642, and In re Hansen Bakeries, Inc., 3 Cir., 103 F.2d 665.

At the argument counsel for the Commonwealth contended that if the Chandler Act is applicable, the claim is entitled to priority as a tax under Section 64, sub. a

(4), of that Act, c. 575, 52 Stat. 840, 874, 11 U.S.C.A. § 104, sub. a(4), which section gives priority to "taxes legally due and owing by the bankrupt to the United States or any State * * *".

In re Otto F. Lange Co., D.C., 159 F. 586, 20 A.B.R. 478, it was held that the word "tax" in Section 64, sub. a, is not used in any restricted sense but includes all obligations imposed by the state and general governments under their taxing or police power.

In the case of Oshkosh Foundry Co., D.C., 28 F.Supp. 412, it was said the essential characteristics of a "tax" are that it is not a voluntary payment or donation but an enforced contribution exacted pursuant to legislative authority. The Court held the unemployment compensation benefit was a tax and therefore entitled to priority as a tax owing by the bankrupt to the State of Wisconsin.

The United States Supreme Court, in deciding that the Alabama Unemployment Compensation Law is constitutional, said in Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, at page 871, 81 L.Ed. 1245, 109 A.L.R. 1327, "While the particular name which a state court or legislature may give to a money payment commanded by its statute is not controlling here when its constitutionality is in question * * * we see no reason to doubt that the present statute is an exertion of the taxing power of the state."

Notwithstanding these decisions, I do not think under the particular facts in the instant case that the claim filed here can be regarded as a tax. The claim has not been filed as a tax claim but as a debt. The proof of claim filed contains these words: "That this claim is entitled to priority of payment under Section 64, sub. b(7) of the Bankruptcy Act and in accordance with Article III, Section 310 of the Unemployment Compensation Law of the Commonwealth of Pennsylvania as aforesaid; * * * that said debt or claim still remains unpaid and unsatisfied."

The language of Section 310 of the Pennsylvania Act, supra, 43 P.S. § 790, affords the clearest argument that the legislature of Pennsylvania did not consider these contributions to be taxes. This section provides that contributions "shall be paid in full prior to all other claims except taxes * * *".

The precise point involved herein has been ruled upon in the case of In re Mosby Coal & Mining Company, D.C., 1938, 24 F. Supp. 1022, 1023. The Missouri Unemployment Compensation Act had a provision in it identical to Section 310 of the Pennsylvania Act above quoted.

The Court held that employers' contributions can not be placed on an equal plane with tax claims. The opinion of Judge Reeves states: "* * * The very wording of the Act indicates that it was not to be treated as a tax in the usual sense * * * for it specifically provides that contribution 'shall be paid in full prior to all other claims except taxes' * * *."

The order of the Referee in Bankruptcy was correct and should be confirmed. It is so ordered.