618

**In re WEIL et ux.**

**No. 10010.**

District Court, M. D. Pennsylvania.

June 28, 1941.

Joseph P. Brennan, Asst. U. S. Atty., of Scranton, Pa., for petitioner.

(All parties in interest notified, but no other appearances.)

JOHNSON, District Judge.

This is a petition to review a referee's report of audit of the above bankrupt estate which denied priority to the claim of the United States. At the hearing upon this petition the United States withdrew its objections to the allowances to a caretaker and to the attorney for the trustee, and the court finds these allowances were reasonable.

In 1935 the First National Bank of Scranton, Pennsylvania, loaned monies to the bankrupts, taking as security a judgment note which was duly entered in the Court of Common Pleas of Wyoming County, Pennsylvania. This loan was guaranteed by the Federal Housing Administration, a governmental agency. The bankrupts defaulted, and upon demand, the Federal Housing Administration paid the balance due and took an assignment of the judgment in favor of "United States of America". Subsequently voluntary bankruptcy proceedings were instituted, and the United States filed a claim for $416.45 with 6% interest from August 27, 1937, asserting a right of prior payment under section 64, sub. a, (5), of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(5), and under section 3466 of the Revised Statutes, 31 U.S.C.A. § 191. It is this priority claim which the referee has denied.

This is not a new question, and it has been considered by the Circuit Court of Appeals for the Third Circuit in the case of Hansen Bakeries, Inc., 103 F.2d 665. There the Circuit Court held that a debt due the Federal Housing Administrator is a debt due the United States: supra, page 666; Wagner v. McDonald, 8 Cir., 96 F.2d 273; United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283; Korman v. Federal Housing Administrator, 72 App.D.C. 245, 113 F.2d 743. Next the Circuit Court in the Hansen case held that a debt due to the Federal Housing Administrator by a bankrupt at the time his petition in bankruptcy is filed is entitled pursuant to section 64, sub. a, (5), of the Bankruptcy Act to priority of payment under section 3466 of the Revised Statutes, 31 U.S.C.A. § 191, which provides that: "Whenever any person indebted to the United States is insolvent, * * * the debts due to the United States shall be first satisfied; and the priority established shall extend * * * to cases in which an act of bankruptcy is committed." Hansen Bakeries, Inc., supra, 103 F.2d at page 666; Wagner v. McDonald, 8 Cir., 96 F.2d 273; Korman v. Federal Housing Administrator, 72 App.D.C. 245, 113 F.2d 743.

Cases disallowing such a preference, such as United States v. Marxen, 307 U.S. 200, 59 S.Ct. 811, 83 L.Ed. 1222, and Hansen Bakeries, Inc., 3 Cir., 103 F.2d 665, are not in point, because in those cases the assignment to the United States occurred after the filing date of the bankruptcy petition, and since rights of creditors and priority of payment are determined on the date the bankruptcy petition is filed, priorities cannot later arise if not

then existent: Korman v. Federal Housing Administrator, 72 App.D.C. 245, 113 F.2d 743, 744.

■ The above decisions determine the issue here involved. It is therefore ordered that the referee allow this claim the priority accorded debts due the United States under section 64, sub. a, (5), of the Bankruptcy Act. It is further ordered that this proceeding is remanded to the referee for further action not inconsistent with this opinion and order.