In the Matter of S. H. BYQUIST, an individual, doing business as Western Distributors, Bankrupt.

No. 1138–B–1.

United States District Court
D. Kansas.

Dec. 30, 1958.

John Q. Royce (of Hampton, Dunham, Royce & Engleman), Salina, Kan., for trustee.

William C. Farmer, U. S. Atty., Topeka, Kan., for claimant, Small Business Administration.

STANLEY, District Judge.

The United States has petitioned for review of an order of the referee in bank-

ruptcy denying priority to a claim of the Small Business Administration.

This case was commenced on August 17, 1957, by the filing of an involuntary petition in bankruptcy. Byquist was adjudged a bankrupt on September 5, 1957. On October 22, 1957, a trustee was duly appointed. The trustee has proceeded with the liquidation of the estate and has in his hands a sum in excess of $19,000.

On October 15, 1957, the claim here involved was filed. Omitting the caption and verification, it reads:

"1. That the claimant, the United States of America, is a corporate sovereign and body politic. That the Small Business Administration, whose principal officer is Wendell B. Barnes, Administrator, Small Business Administration, Washington, D. C., maintains its Ninth Regional Office at 911 Walnut Street, Kansas City 6, Missouri, and is a duly authorized agency of the United States of America at all times hereinafter mentioned.

"2. That deponent is the duly appointed, qualified and Acting Regional Director of Small Business Administration, an independent agency of the United States Government; that deponent is duly authorized under instrument of authority published in the Federal Register on April 18, 1956 (21 F.R. 2544), incorporating by reference that published August 13, 1954 (19 F.R. 5119), and that published July 17, 1954 (19 F.R. 4433), to make this proof of claim.

"3. That above-named bankrupt is fully and duly indebted to said Small Business Administration in the sum of Sixteen Thousand Seven Hundred and Eighty-Eight and 42/100 ($16,788.42) Dollars; said sum represents the total indebtedness due and payable by bankrupt by virtue of the failure to repay to Small Business Administration the indebtedness arising from the loan made by the Brookville State Bank, Brookville, Kansas, to said bank-

rupt; said sum consists of Sixteen Thousand Four Hundred Sixty-Two and 31/100 ($16,462.31) Dollars principal due, and Three Hundred Twenty-Six and 11/100 ($326.11) Dollars as interest due to but not including October 16, 1957, and that thereafter the daily interest accrual on the principal is $2.7437.

"4. That the consideration of said indebtedness is as follows:

"(a) A Note in the principal amount of $20,000.00, duly executed and delivered to the said bank and thereafter assigned to the Small Business Administration pursuant to the Participation Agreement, attached as 'Exhibit A'. Attached hereto and made a part hereof and marked 'Exhibit B' is a photostatic copy of the above-mentioned Note.

"5. That the said S. H. Byquist has defaulted on the terms and conditions of the Note designated as 'Exhibit B' and that there is now due and owing the aforesaid sum by virtue of said default.

"6. This claim is filed as a Priority Claim.

> United States of America, Claimant
> By Wendell B. Barnes, Administrator
> Small Business Administration
> By [s] George E. Depew
> George E. Depew, Acting Regional Director"

The facts are not disputed. The bankrupt had applied to the Brookville State Bank of Brookville, Kansas, for a loan in the amount of $20,000. After various conferences and examination of reports submitted to the Small Business Administration, a participation agreement was entered into between the bank and the Small Business Administration under the provisions of which the Small Business Administration agreed to participate to the extent of 75% of the loan. In compliance with the agreement, Small Business Administration paid over to the Brookville State Bank the sum of $15,-

000 by a draft drawn on the Treasurer of the United States. The bank then loaned the money to the bankrupt and a negotiable instrument was executed by the bankrupt solely to the bank for the full amount of the loan. The instrument did contain certain conditions which referred to the Small Business Administration but there was nothing on the instrument to indicate that Small Business Administration was to be considered as a payee. Following the bankruptcy of the borrower, the bank assigned the note to the Small Business Administration. (The Government concedes that "the interest of the bank, which was 25% of the loan, was assigned to SBA subsequent to the date of bankruptcy.")

The distribution of an estate in bankruptcy is controlled by the Bankruptcy Act, 11 U.S.C.A. §§ 1–1255. Thus it has been determined that the general provisions of 31 U.S.C.A. § 191 are not applicable in bankruptcy proceedings to permit any debts owing to the United States to be paid before any other debt. In re Taylorcraft Aviation Corporation, 6 Cir., 1948, 168 F.2d 808. Section 104 of 11 U.S.C.A. (§ 64, Bankruptcy Act) provides that debts owing to the United States are to be given a priority if by the laws of the United States the debt would have been entitled to a priority. A debt due the United States of the class involved here would be classified as a fifth priority debt when a claim is made in bankruptcy proceedings. In re Weil, D.C.M.D.Pa.1941, 39 F.Supp. 618.

The referee in denying the priority to Small Business Administration based his decision upon the fact that priority is not granted to debts owing to a corporation even though the corporation be solely owned by the United States. Sloan Shipyards Corporation v. United States Shipping Board Emergency Fleet Corp., 1922, 258 U.S. 549, 42 S.Ct. 386, 66 L.Ed. 762; Reconstruction Finance Corporation v. J. G. Menihan Corp., 1941, 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595. There is a distinction between the cited cases and the case in question—in the cited cases there was an *actual corpora-*

*tion* which was representing the federal government. This distinction has been recognized. Remington on Bankruptcy, Vol. 6 at page 459 states:

"A branch or agency of the federal government, not set up as a distinct corporation but only as an operative medium, such as an 'administration,' 'authority,' 'bureau,' 'commission,' or the like, though it may be invested with certain corporate powers such as the power to sue and be sued, is regarded as the government itself and, as such, entitled to the general priority accorded to debts due the government from an insolvent under 31 U.S.C.A. § 191."

Courts have also recognized the distinction between a corporate agency and an administration. In Korman v. Federal Housing Administrator, 1940, 72 App. D.C. 245, 113 F.2d 743, the court permitted the FHA to be given a priority. As to the provisions in the Code permitting the FHA to sue and be sued, the court stated that this did not operate to create a separate corporate entity but rather operated to remove the immunity of the sovereign to suit. The court rejected the argument that the provision for suit was sufficient to make the FHA a separate legal entity. For other court recognition of this distinction see: In re Miller, 2 Cir., 1939, 105 F.2d 926; In re Hansen Bakeries, 3 Cir., 1939, 103 F. 2d 665; Wagner v. McDonald, 8 Cir., 1938, 96 F.2d 273.

There is nothing in the act creating the Small Business Administration to indicate that it was to be a separate corporation. 15 U.S.C.A. §§ 631–651. The Administration is given certain powers which are generally possessed by corporate agencies or by separate legal entities. However, Wagner v. McDonald, supra, indicates that mere possession of these powers would not be considered sufficient to prevent the agency in question from being an "administrative" agency, as compared to a "corporate" agency.

In Nathanson v. National Labor Relations Board, 1952, 344 U.S. 25, 73

S.Ct. 80, 97 L.Ed. 23, where the court denied priority to the NLRB on its claim in bankruptcy proceedings, it could not be claimed that denial was not proper since no benefit would accrue to the United States if a priority were allowed. The NLRB had made an order requiring additional payments to be made to certain employees and the claim of the NLRB was based upon this order. There was no side contract requiring the NLRB to make the payments to the employees; all money received from the estate would have been distributed directly to the employees.

The referee believed that the powers which were granted to the Small Business Administration fell within the case of Reconstruction Finance Corporation v. J. G. Menihan Corp., supra, where the court said at page 83 of 312 U.S. at page 486, of 61 S.Ct.: "While it acts as a governmental agency in performing its functions (see Pittman v. Home Owners' Loan Corp., 308 U.S. 21, 32, 33, 60 S.Ct. 15, 84 L.Ed. 11), still its transactions are akin to those of private enterprises and the mere fact that it is an agency of the government does not extend to it the immunity of the sovereign * * *." The force of this language is diminished when it is remembered that this statement was directed at a "corporate" agency of the government.

■ The purposes of the FHA and the Small Business Administration are quite similar in that both are designed to bolster the economy by providing funds for housing and business needs respectively. There are differences in the two administrations but there is nothing to indicate that Congress intended the Small Business Administration to be treated in a different manner from that accorded the FHA. Congress would have been cognizant of the problem of priority of claims presented by the federal agencies in bankruptcy proceedings and that the "corporate" agencies have been denied the priority. Yet, there was nothing in the act to indicate that Congress intended it to be treated other than as an "administrative" agency which has been permitted priority. See Korman v. Federal Housing Administrator, supra.

However, whether or not the Small Business Administration is to be considered as a separate entity is not believed to be of controlling importance here. It appears that the debt due the Small Business Administration did not arise until after the adjudication in bankruptcy. The note executed by the bankrupt was made payable to the bank, the Small Business Administration paid over its money to the bank, the bank paid the total amount of the loan to the bankrupt, and all payments on the loan were to be made to the bank. The bank was the sole payee. By the very terms of its own form Small Business Administration was not made a party-lender. The only connection it had with the loan was by virtue of its agreement to participate which was made, not with the bankrupt so as to obligate him to the Small Business Administration, but with the bank. Until the assignment of the note by the bank to the Small Business Administration there was no means by which Small Business Administration could force the bankrupt to make any payments to it even in the event that the bank refused to carry through the agreement between the bank and Small Business Administration.

■■ In the leading case of United States v. Marxen, 1939, 307 U.S. 200, 59 S.Ct. 811, 83 L.Ed. 1222, it is firmly established that the rights to or status of a claim against the bankrupt's estate is determined on the date the petition is filed and an assignment after that date gives the assignee no greater rights than the assignor possessed prior to the assignment. Korman v. Federal Housing Administrator, supra. In the case at bar the Small Business Administration has conceded that the assignment of "the bank's interest" was made after the filing of the petition. There is nothing in the record to indicate that any separation of the loan had been made and the only assignment was of the entire note. The assignment is found on the note

executed by the bankrupt to the bank and it does not purport to assign only the bank's interest but assigns "this one certain note."

The referee properly denied the Small Business Administration a priority on its claim since it is conceded that the assignment by the bank occurred subsequent to the filing of the petition.

The order of the referee is approved and affirmed for the reasons herein stated.

Counsel for the trustee will prepare and submit an appropriate order.